**In the Matter Of Rolfe ISAKSON, Margaret Annelise Isakson, Debtors.**

**Bankruptcy No. 2–88–00242.**

United States Bankruptcy Court,
D. Connecticut.

Oct. 11, 1989.

Neal Ossen, Hartford, Conn., for Trustee.

Susan King Shaw, Farren and King, New Haven, Conn., for debtors.

## MEMORANDUM OF DECISION AND ORDER RE: ENTITLEMENT TO PROCEEDS OF PERSONAL BODILY INJURY CLAIM

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

This proceeding concerns the debtors' exemption rights in a postpetition settlement of their prepetition personal injury action amounting to approximately $90,000.00.

The issue is raised by way of a pleading filed by the trustee entitled: "Application To Determine Non–Exempt Portion of Personal Injury Claim and Application For Order Of Turnover Of Non–Exempt Portion." The debtors claim that the trustee's application is time-barred. The matter has been submitted on a stipulation of facts and briefs, supplemented by the court's examination of case-file documents.

### II.

### BACKGROUND

Rolfe Isakson (Rolfe) and Margaret Isakson (Margaret), the debtors, filed a joint chapter 7 petition on March 14, 1988. The debtors' assets listed in their schedules, primarily a mobile home, furnishings and automobiles, were all claimed as exempt. At the meeting of creditors held on April 11, 1988, the debtors first disclosed to the trustee, Neal Ossen, Esq., the existence of a personal injury action filed by them in the Connecticut Superior Court on or about November 18, 1986. Margaret had sustained a broken wrist as a result of a fall on allegedly defective premises. She incurred medical bills totaling $10,259.05 and was left with a 32% permanent disability of her right hand. The debtors, on June 7, 1988, filed amendments to their B–2 schedule (Personal Property) to include as "a contingent and unliquidated claim" a "Pending pers[onal] injury claim (contested liability, value unknown)." They also amended the B–4 schedule (Property claimed as exempt) as follows:

| Type of Property | Location, description and, so far as relevant to the claim of exemption, present use of property | Specific statute creating exemption | Value claimed exempt | |
|---|---|---|---|---|
| | | | Husband | Wife |
| Debtor's right to receive payment on account of personal injury and/or compensation for actual pecuniary loss. | | 11 U.S.C. Sec. 522(d)(11)(D) | Full Value | Full Value |
| Debtor's right to receive payment in compensation of loss of future earnings of debtor. | | 11 U.S.C. Sec. 522(d)(11)(E) | Full Value | Full Value |

The estate remained open following entry of the debtors' discharges on June 13, 1988. The trustee filed a trustee's account on August 2, 1988, describing the "Status of undisposed assets" as "Trustee is investigating the disposition of a negligence claim." The trustee's subsequent account filed on October 25, 1988 included a similar comment. On December 12, 1988, the trustee wrote to the clerk of the bankruptcy court that he had "been advised that the personal injury claim has been settled and there will be money for the estate." The clerk's office sent to the estate creditors a "Notice of Need to File Proof of Claim Due to Recovery of Assets", which notice also set March 20, 1989 as the last day to file claims. Creditors filed claims totaling $17,511.80 by the bar date.

During January, 1989, the debtors, evidently without any trustee participation, unilaterally settled the negligence action for about $90,000.00. Court approval was not sought for either the settlement amount, the payment of any attorney's fee, or for any other disbursements. For reasons not disclosed by the parties, $23,500.00 of the settlement proceeds was placed in an escrow account at the Bank of New Haven in the name of Sklarz & Early, Trustees for Rolfe and Margaret Isakson. The debtors apparently retained the balance of the monies. The parties, in the memoranda, brief only the question of to whom the money in the escrow account belongs. The stipulation of facts states that "[t]he debtors do not claim that they are entitled to an exemption for actual pecuniary loss."

### III.

### DISCUSSION

The debtors' memorandum claims the trustee is not entitled to any of the escrowed monies because he "failed to file an objection to the exemption filed by the debtors." Bankruptcy Code § 522(*l*) states that "[t]he debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such list is exempt."

Bankruptcy Rule 4003, which deals with procedures involving exemption claims, provides in subsection (b):

(b) *Objections to Claim of Exemptions.* The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.

The debtors served their June 7, 1988 amendment to the exemption schedule on the trustee, and, concededly, he never filed an objection to the amended schedule.

Bankruptcy Code § 522(d)(11)(D) allows a debtor to exempt "[t]he debtor's right to receive, or property that is traceable to— (D) a payment, not to exceed $7,500 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent." Section 522(d)(11)(E) exempts "a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

 It had been held that "there must be a good-faith statutory basis for exemption" in order for a debtor to take advantage of a trustee's failure to object to a claimed exemption. *In re Dembs,* 757 F.2d 777, 780 (6th Cir.1985). Accordingly, Mar-

garet's claim of "full value" of her § 522(d)(11)(D) exemption on her B–4 schedule must be construed to apply to the statutory limit of $7,500.00.[1] The trustee concedes Margaret's right to her full statutory exemption of $7,500.00, and by failure to object, he did not waive the estate's right to any sum in excess of that limit. As for the debtor's intention to utilize § 522(d)(11)(E), an amendment to the B–4 schedule to make specific the property involved and amount claimed as exempt was required in order to assert a claim of waiver.

> The non-specific claim of exemption gives the debtor no rights, legally or practically.... [T]he practicalities of bankruptcy administration require that the trustee be advised of the precise items of property in the estate, 11 U.S.C. § 541(a), that the debtor elects to withdraw from the estate. The trustee needs this information in order to judge the validity of the exemption claim and to know what property remains in the estate for purpose of liquidation.

*Andermahr v. Barrus (In re Andermahr)*, 30 B.R. 532, 533 (BAP 9th Cir.1983). *Cf. In re Hansen*, 101 B.R. 33, 35 (Bankr.N.D. Ind.1988) (there is a strong policy against granting a party relief to which it is not, as a matter of law, entitled); *In re Hill*, 95 B.R. 293 (Bankr.N.D.N.Y.1988); *In re Rollins*, 63 B.R. 780, 783 (Bankr.E.D.Tenn. 1986); *In re Edmonds*, 27 B.R. 468, 469 (Bankr.M.D.Tenn.1983) ("[e]xempting property is not a game of 'hide and seek'...."). On the record presented and at this stage of the proceeding, the debtors have already received at least what they were entitled to exempt from the settlement proceeds. The absence of a filed objection to the debtors' amended claim of exemptions does not bar the trustee's application.

## IV.

## CONCLUSION

The funds contained in the escrow account are determined to be non-exempt property of the estate and payable to the trustee for distribution to creditors. It is

SO ORDERED.

---

1. "As the personal injury payment exemption does not cover pain and suffering or compensation for actual pecuniary loss, the exemption is designed to cover only payments compensating actual bodily injury, e.g., the loss of a limb. Thus, medical payments are not exempt." 3 King, *Collier on Bankruptcy* par. 522.20 at p. 522–74.