In re Irwin HYMAN; Janice
Hyman, Debtors.

Irwin HYMAN; Janice Hyman,
Appellants,

v.

Gary A. PLOTKIN, Trustee, Appellee.

No. 91–55300.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 1992.

Decided June 22, 1992.

Richard M. Moneymaker, Moneymaker & Kelley, Los Angeles, Cal., for appellants.

Amy L. Goldman, Plotkin & Rapaport, Encino, Cal., for appellee.

Before: TANG, KOZINSKI and TROTT, Circuit Judges.

KOZINSKI, Circuit Judge.

More than 40 states, including California, have statutes that place a debtor's homestead or a portion thereof beyond the reach of creditors. This protection carries over into bankruptcy to shelter the debtor from forced sale of his homestead by a bankruptcy trustee unless certain conditions are satisfied. In this case we explore the conditions to be met before a bankruptcy trustee may sell a debtor's homestead in accordance with California's homestead exemption statute and the United States Bankruptcy Code.

## Facts

On November 21, 1988, Appellants Irwin and Janice Hyman filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. Appellee Gary Plotkin was appointed as trustee to liquidate the Hymans' estate pursuant to 11 U.S.C. § 704.

The only real property the Hymans owned was their home, which they valued at $415,000 and which was encumbered by $347,611 in consensual liens. On their bankruptcy schedule of exempt property, the Hymans claimed their "homestead" as exempt under Cal.Civ.Proc.Code § 704.720,

listing the value of the exemption as $45,-000.[1] The trustee did not object to this claim of exemption within the 30–day window created by Bankruptcy Rule 4003(b), or at anytime thereafter. Instead, on January 18, 1989, he applied to the bankruptcy court to employ a real estate broker to assist in the marketing and sale of the Hymans' home; the court granted the application twelve days later.

Unpleasantly surprised by the trustee's actions, the Hymans filed for declaratory judgment, claiming their home was not an asset of the estate because of its exempt status, and thus was beyond the reach of the trustee. In the alternative, they claimed all post-petition appreciation in the value of their home inured to them, not to the estate; they were therefore entitled, in their eyes, to the $45,000 exemption under Cal.Civ.Proc.Code § 704.730 *plus* the increase in the value of their home from the bankruptcy filing date to the sale date. The bankruptcy court, Bankruptcy Judge Geraldine Mund presiding, granted summary judgment in favor of the trustee, and a divided Bankruptcy Appellate Panel affirmed. 123 B.R. 342 (9th Cir. BAP 1991).

## Discussion

This case turns largely on the proper interpretation of California's homestead exemption statute. That statute defines "homestead" as a judgment debtor's principal dwelling place, Cal.Civ.Proc.Code § 704.710(c), and "homestead exemption" as a fixed dollar amount generated from the sale of the homestead. *Id.*, § 704.730. For the Hymans that amount is $45,000. *Id.*, § 704.730(a)(2).[2] State law also provides that a judgment debtor's homestead may not be sold by judgment creditors unless the sale price of the homestead "exceeds the amount of the homestead exemp-

---

**1.** The exemption appeared on the Hymans' "Schedule B–4—Property claimed as exempt" as follows:

| Type of Property | Specific Statute creating the exemption | Value Claimed Exempt |
| --- | --- | --- |
| Homestead | C.C.P. 704.720 | 45,000 00 |

**2.** Although Cal.Civ.Proc.Code § 704.730(a)(2) was amended to increase the homestead exemption to $75,000, the Hymans are only entitled to a $45,000 homestead exemption because an ex-emption amount is determined on the date the petition is filed. *See In re Herman,* 120 B.R. 127, 130 (9th Cir. BAP 1990).

tion plus any additional amount necessary to satisfy all liens and encumbrances on the property...." *Id.*, § 704.800(a). If the sale price does exceed these amounts, the homestead may be sold and the judgment debtor is entitled to a sum equal to his homestead exemption from the proceeds of the sale. *Id.*, § 704.720(b).[3]

Of course, the Hymans were not "judgment debtors" under California law, but bankruptcy petitioners under federal law. Nevertheless, section 522(b)(2)(A) of the Bankruptcy Code excludes from a debtor's bankruptcy estate "any property that is exempt under ... State or local law that is applicable ... at the place in which the debtor's domicile has been located...." Because the Hymans had been domiciled in California "for the 180 days immediately preceding the date of the filing of [their] petition," *id.*, section 522 entitled them to exempt from their estate any property qualifying under California's homestead exemption statute.

■ A. The Hymans first argue that by listing "homestead" instead of "homestead exemption" on their schedule of exempt property, they were claiming as exempt property their entire homestead, not just $45,000.[4] Because the trustee did not object to this listing within the time allowed by Bankruptcy Rule 4003(b), the Hymans

claim that their entire homestead became exempt property by operation of law. 11 U.S.C. § 522(1) ("The debtor shall file a list of property that the debtor claims as exempt.... Unless a party in interest objects [within the time allowed by Rule 4003], the property claimed as exempt on such list is exempt.").

■ However, "[w]e have reviewed Debtor's bankruptcy petition, 'Schedule B-4—Property claimed as exempt,' and find this assertion to be erroneous." *In re Reed*, 940 F.2d 1317, 1321 n. 3 (9th Cir. 1991).[5] The Hymans' schedule of exempt property listed "homestead" as an exemption under Cal.Civ.Proc.Code § 704.720, and valued the exemption at $45,000. Based on this information, the Hymans did not sufficiently notify others that they were claiming their entire homestead as exempt property; their schedule only gave notice that they claimed $45,000 as exempt, which is the proper amount of their homestead allowance under sections 704.720 and 704.730. *See Reed*, 940 F.2d at 1321 n. 3. Thus, the trustee had no basis for objecting, and could well have suffered the bankruptcy judge's ire had he objected to the $45,000 exemption to which the Hymans were clearly entitled.[6]

■ B. Next, the Hymans argue that even if they were limited to a $45,000

---

**3.** Of the 43 states and two federal territories that have homestead exemption statutes, 29 limit the dollar amount of the homestead allowance in a manner similar to the California statute; 6 limit the acreage amount of the homestead allowance; and 10 limit both the dollar and the acreage amounts of the homestead allowance. In addition, Delaware, Maryland and Virginia, while having no express homestead statute, permit judgment debtors to exempt a set dollar value of property, which may include the debtor's homestead. Of the nine states in the Ninth Circuit, seven limit the dollar amount of the homestead allowance (Alaska, Arizona, California, Idaho, Montana, Nevada and Washington), while two limit both the dollar and the acreage amounts of the homestead allowance (Hawaii and Oregon). *See generally Collier Bankruptcy Exemption Guide* (1991).

**4.** To use the Hymans' own words, they argue that under the definition of "homestead" contained in Cal.Civ.Proc.Code § 704.710, "[t]he Homestead is the dwelling house.... [Thus, w]hen the Trustee failed to object to the claim that the entire dwelling house was exempt, pursuant to section 522(a) of the Bankruptcy Code,

the dwelling house revested in the Debtors and was no longer a part of the Bankruptcy Estate and thus, cannot be sold." Opening Brief of Appellants Irwin and Janice Hyman, at 6–7.

**5.** To the extent the Hymans argue that sections 704.710–.800 entitle them to claim their entire homestead as exempt regardless of their equity value in the homestead or any objection to the claimed exemption, their argument has already been rejected. In *Reed*, we held that "California does not permit a debtor to exempt his entire interest in a homestead, but specifically limits the dollar amount up to which a homestead exemption can be claimed." 940 F.2d at 1321.

**6.** Unless there is a timely objection from a party in interest, any property claimed as exempt by a debtor—regardless of whether the claimed exemption is valid—is automatically exempt under section 522(*l*). *See Taylor v. Freeland & Kronz*, —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Because the time to object is relatively short, *see* Bankr.Rule 4003(b), it is important that trustees and creditors be able to determine

homestead exemption, they were still entitled to summary judgment. Their bankruptcy petition listed the value of the home as $415,000 and encumbrances as $347,611; the trustee never objected to these valuations. Assuming, as the Hymans would have us, that the trustee sold the home for $415,000 and the sale costs were 8%, or $33,200, this would leave only $34,189 after the encumbrances ($347,611) were paid off. Because this amount is below the Hymans' homestead exemption allowance of $45,000, they argue that California's homestead exemption statute does not allow the trustee to sell the homestead. *See* Cal.Civ.Proc. § 704.800(a).

The flaw in the Hymans' argument is that it is not supported by the statutory language upon which they rely. Section 704.800 permits the forced sale of a homestead if its sale price "exceeds the amount of the homestead exemption plus any additional amount necessary to satisfy all liens and encumbrances on the property." There is no statutory requirement that the sale price also account for selling costs,[7] and there is no doubt that the formula contained in section 704.800 is satisfied.[8]

Independent of the trustee's obligation under section 704.800 is his obligation under 11 U.S.C. § 704(1) to act in "the best interest of parties in interest" in reducing estate property to cash. It's doubtful this obligation would be satisfied if the trustee sold the Hymans' home for less than the homestead exemption, encumbrances, selling costs and trustee's own fees. However, nothing in 11 U.S.C. § 704 or elsewhere in the Bankruptcy Code requires that the trustee demonstrate in advance of attempting a sale that the market price will exceed all costs and encumbrances. The sale of encumbered property is a relatively complex financial transaction and the trustee cannot be certain of what he will reap until he has taken bids on the property. Some of the variables involved are known in advance, such as the amounts of the homestead exemption and encumbrances. Other variables remain unknown until the bids are in, such as the sale price[9] and, to a lesser extent, the sale costs.[10] Little would be gained by prohibiting the trustee from attempting a sale in the sound belief that there will be something left for the estate after the liens, sale expenses and homestead exemption are covered. This is especially true because the trustee is not bound to accept a bid that does not enable him to satisfy his obligations, and may simply refuse to go through with a sale if none of the bids proves sufficiently advantageous.

precisely whether a listed asset is validly exempt simply by reading a debtor's schedules. Given that the debtor controls the schedules, we construe any ambiguity therein against him.

7. The Hymans cannot plausibly claim that "any additional amount necessary to satisfy all liens and encumbrances on the property" includes the cost of sale. The California homestead exemption statute specifically differentiates between sales costs on the one hand and homestead liens and encumbrances on the other. *See* Cal.Civ.Proc.Code §§ 704.840, 704.850.

8. Accepting the Hymans' valuation for the purpose of summary judgment, that value ($415,000) "exceeds the amount of the homestead exemption [$45,000] plus any additional amount necessary to satisfy all liens and encumbrances on the property [$347,611]" by $25,389. Cal.Civ. Proc.Code § 704.800(a).

9. In making these calculations, the relevant figure is the actual sale price of the property, not the value of the property listed by the debtor on his schedule of assets. The Hymans' argument that the trustee is bound by the value listed on their schedule of assets because he did not object to that value within the 30 days allowed by Rule 4003 is misplaced. According to their own schedule of exemptions, the Hymans only claimed a $45,000 homestead exemption. *See* page 1318 *supra*. *That* figure is fixed "as of the date of the filing the petition." 11 U.S.C. § 522(a)(2). However, nothing in section 522, or anywhere else in the Bankruptcy Code for that matter, requires that non-exempt assets have their values frozen on the petition date. *Cf.* 11 U.S.C. § 506 & Bankr.Rule 3012 (value of property encumbered by a lien determined at time of hearing before the court); 11 U.S.C. §§ 1124, 1129 (value of property determined on effective date of plan of reorganization).

10. The Hymans base their argument in part on the assumption that sale costs will be 8% of the selling price. This figure is not legally required or otherwise inflexible. To the contrary, the primary component of sale costs is the sale commission, and the trustee has the right—indeed, the obligation—to negotiate the lowest commission rate he can.

C. Finally, the Hymans argue that the bankruptcy court erred in holding that they are only entitled to $45,000 upon the sale of the home. According to the Hymans, they are entitled to $45,000 *plus* the home's appreciation in value since the filing of the bankruptcy petition. As a fallback, they argue that they're entitled at least to that part of the appreciation which stands in the same proportion to the total appreciation as their homestead exemption stands to the value of their home.

We note initially that this argument is somewhat premature. The question squarely before us is not what is the exact amount to which the Hymans will be entitled upon final distribution of the proceeds of sale, but whether a sale will be held at all. On that issue alone, the bar against forced sale embedded in California Code of Civil Procedure § 704.800 speaks only in terms of the amount of the exemption itself, not any appreciation or depreciation due to the passage of time. Thus, even if it turns out that the Hymans would be entitled to some amount in excess of the $45,000 at the time of the final accounting, only the $45,000 itself may be considered in determining whether a sale may be held under section 704.800.

In any event, the Hymans' claim for appreciation is without merit. The California statute gives the Hymans a $45,000 exemption as of the time of sale, not a $45,000 equity interest in the property. In the normal situation where section 704.800 is called into play—a sale of property to satisfy a judgment lien—the concept of an interest that fluctuates in value makes no sense because all the relevant events occur on the date of sale. Only in the bankruptcy context, where an appreciable period of time usually passes between filing of the petition and sale of the property, can the property rise or fall in value. Yet, we see no basis for treating a sale by a trustee in bankruptcy any different from a sale by a judgment lienholder. The debtor's right to use the exemption comes into play not upon the filing of the petition, but only if and when the trustee attempts to sell the property. At that point, and not before, the debtor first faces the possibility of being dispossessed of his home, and the grim prospect of having to use the exemption money to find alternative housing.[11]

Were we to accept the Hymans' argument that they're entitled to post-filing appreciation, we would also have to hold that a debtor is subject to post-filing *de*preciation, which would give debtors in falling property markets less than the $45,000 guaranteed them by state law. Nothing in the bankruptcy law compels (or even suggests) such a drastic interference with the operation of the state homestead exemption statute. In fact, our caselaw strongly suggests the opposite result. *See Reed*, 940 F.2d at 1323 (stating that post-filing "appreciation enures to the bankruptcy estate, not the debtor"). The policies of both federal and state law (as well as the interest in simplifying bankruptcy estate administration) are best served if the debtor is guaranteed the full exemption amount on the date of sale, regardless of the vicissitudes of the real estate market or the timing of the sale.

AFFIRMED.

---

11. To the extent the trustee delays selling the home to wait for it to appreciate, the debtor gets to live in it for free. If the debtor believes he is being prejudiced by the trustee's delay, he can move for abandonment. 11 U.S.C. § 554(b); Bankr.Rule 6007.