**In re Bernie J. GRABLOWSKY, Debtor.**

**John W. AINSLIE and John W. Ainslie, Sr., Plaintiffs,**

**v.**

**Bernie J. GRABLOWSKY and Jack D. Maness, Trustee, Defendants.**

**Bankruptcy No. 92–23974–T.**

**No. CMN 92–2192–T, 92–2193–T.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Jan. 6, 1993.

Joseph T. Liberatore, Marcus, Santoro & Kozak, Portsmouth, VA, for plaintiff.

Barry Randolph Koch, Virginia Beach, VA, for debtor/defendant.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

These contested matters raise the issue of whether a chapter 7 debtor's claims of exemption for assets in the amount of $1.00 each, to which no timely objection is taken, constitutes a complete exemption of the assets despite their actual value in excess of $1.00.

The issue must be resolved by the court in the context of plaintiffs' motions for

relief from stay to allow the plaintiffs to purchase debtor's partnership interests in two partnerships from the chapter 7 trustee. In his bankruptcy petition debtor claimed his partnership interests exempt at a value of $1.00 each.

For the reasons stated in this memorandum opinion the court finds that debtor is entitled to exemption only to the extent of the $1.00 claimed. The plaintiffs' motions will therefore be granted subject to debtor's $1.00 exemption as to each of his partnership interests.

### Facts

The parties have stipulated to most of the relevant facts. On July 9, 1992, debtor filed his chapter 7 petition, and Jack D. Maness has been appointed chapter 7 trustee. At the time of filing the petition, the debtor was a general partner in Piper Apartments Associates, L.P., a Virginia Limited Partnership ("Piper"), and a limited partner in Lisa Square Associates, L.P., a Virginia Limited Partnership ("Lisa Square").

Debtor's interest in Piper and Lisa Square is disclosed on debtor's list of personal property (bankruptcy schedule B) and each is valued at $1.00.[1] Debtor's interest in Piper and Lisa Square is also listed as property claimed as exempt (bankruptcy schedule C) and each is valued at $1.00.[2] No party has filed an objection to the exemptions listed on the debtor's schedule within the 30–day window provided by Bankruptcy Rule 4003(b).

---

1. Debtor's schedule B lists the following:
       Lisa Square Assoc. , L.P.
               Owner: Husband          Debtors' interest:    1.00
                                       Total debt on property:   0.00
           Possession:
                   In debtor's possession.
                   Bernie J. Grablowsky
                   2697 International Pkwy
                   Virginia Beach, VA 23452

(Debtor Schedule B, p. 6).

       Partnership Interest in Piper Apt. Assoc., L.P.
           Owner: Husband              Debtors' interest:    1.00
                                       Total debt on property:   0.00
       Possession: In debtor's possession.
                   Bernie J. Grablowsky
                   2697 International Pkwy
                   Virginia Beach, VA 23452

(Debtor Schedule B, p. 7).
2. Debtor's schedule C lists the following:
       Lisa Square Assoc. , L.P.
           Debtors' interest:    1.00          Value exempt:    1.00
               Law: Code Section 34–4
(Debtor Schedule C, p. 3) (emphasis added).

       Partnership Interest in Piper Apt. Assoc., L.P.
           Debtors' interest:    1.00          Value exempt:    1.00
               Law: Code Section 34–4

(Debtor Schedule C, p. 4) (emphasis added).

The debtor's interests as a general partner in Piper and as a limited partner in Lisa Square are governed by respective partnership agreements. Article XIV of the Piper partnership agreement states that:

A Person shall cease to be a General Partner upon ... any of the other events set forth in Section 50–73.28 [3] of the Act. Upon the occurrence of any such event, ... the remaining General Partners shall have the option to purchase the interest of the terminated General Partner, pro rata.

(Piper Partnership Agreement, p. 29).

Although the Lisa Square partnership agreement does not contain specific buy-out provisions, paragraph 12(c) states that:

In the event of the bankruptcy of any Limited Partner, such Limited Partner's interest in the partnership shall pass, subject to all the provisions of this Agreement, to the Trustee in Bankruptcy or other legal representative of such bankrupt Limited Partner, who may thereafter request to become a Substituted Limited Partner pursuant to the terms of this Agreement.

(Lisa Square Partnership Agreement, p. 3).

Pursuant to the partnership agreements plaintiff's seek relief from stay to buy from the trustee any available "non-exempt" interest debtor may have in Piper and Lisa Square. Therefore, the narrow legal issue before the court is whether the amount exempted by the debtor is $1.00 of his interests in Piper and Lisa Square or the entire value of interests in Piper and Lisa Square.

### Position of Parties

PLAINTIFFS.

Plaintiffs' position is simple; since debtor declared the value of his exempted interest in Piper and Lisa Square as $1.00 each, debtor's interest is available for purchase subject to debtor's $1.00 exemption.

---

**3.** Virginia Code § 50–73.28 states in pertinent part:

[A] person ceases to be a general partner of a limited partnership upon the happening of any of the following events:

DEBTOR.

Debtor argues that the recent Supreme Court case of *Taylor v. Freeland & Kronz,* — U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), is dispositive. In *Taylor,* the Court held that a party cannot contest a debtor's exemption beyond the 30–day period Bankruptcy Rule 4003(b) whether or not the debtor had a colorable statutory basis for claiming it. Accordingly, debtor argues that since no timely objections were made in this case the entire value of his interests in Piper and Lisa Square are exempt by operation of 11 U.S.C. § 522(*l*) regardless of the $1.00 valuation. Therefore, debtor argues that there is no "nonexempt" interest available for plaintiffs to purchase.

### Discussion and Conclusions of Law

Section 522(*l*) of the bankruptcy code states in pertinent part:

The debtor shall file a list of property the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C. § 522(*l*).

Bankruptcy Rule 4003(b) states in relevant part:

The trustee or any creditor may file objection to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors ... unless, within such period, further time is granted by the court.

Bankruptcy Rule 4003(b).

The Supreme Court recently addressed the operative effect of § 522(*l*) and Rule 4003(b) in *Taylor v. Freeland & Kronz,* — U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In *Taylor,* the debtor listed as exempt property "Proceeds from lawsuit— [Davis] v. TWA ... Claim for lost wages" and list the value as "unknown." *Taylor,* — U.S. at ——, 112 S.Ct. at 1646. Eventually, the debtor's lawsuit settled for ap-

... 4.... the general partner ... (ii) files a voluntary petition in bankruptcy;

Va.Code Ann. § 50–73.28 (Michie 1992).

proximately $110,000.00, and the trustee filed a complaint seeking turnover of the proceeds for the benefit of the creditors of the bankruptcy estate. *Taylor,* — U.S. at —, 112 S.Ct. at 1647. In *Taylor* it was uncontested that the debtor did not have a right to exempt more than a small portion of the proceeds either under state law or under the federal exemptions specified in 11 U.S.C. § 522(d). However, the debtor claimed the full amount as exempt and no party in interest timely objected. *Taylor,* — U.S. —, 112 S.Ct. at 1647. Therefore, the Court concluded that § 522(*l*) made all the proceeds exempt, and that Rule 4003(b) prevents the trustee from challenging the validity of the exemption beyond the 30–day time limit. *Taylor,* — U.S. at —, 112 S.Ct. at 1648.

In this case the debtor has listed his interest in two partnerships as exempt property and valued each at $1.00. Therefore, the issue before the court is whether the debtor's entire interest in each partnership is exempt or only "$1.00" of each partnership interest is exempt. The debtor submits that the Supreme Court's decision is *Taylor* dictates that the debtor's entire interest in each partnership is exempt. I disagree.

Although I base my decision on other grounds, the court notes the Virginia practice in this regard solely for the purpose of edification.[4] I am aware that the debtor in claiming $1.00 exemptions for the partnership interests was following the customary Virginia bankruptcy practice. Likewise, it is not unusual that no party objected to the exemptions claimed since under the Virginia practice, objection to a debtor's claim of a nominal value exemption is unnecessary. As the court has previously noted, the general understanding has been that only the *amount* claimed is allowed as exempt, not the entire asset.

It is probable that until the Supreme Court's opinion in *Taylor v. Freeland & Kronz,* few persons would have questioned the appropriateness of the Virginia practice. In my opinion, the debtor's position would lead to an unfair and absurd result and certainly a result which is not called for by the Supreme Court's *Taylor* opinion.

The debtor's argument ignores an important distinction between the facts in *Taylor* and the facts in this case. In *Taylor* the value of the exempted property was listed as "unknown" and in this case the value of the exempted property is listed as "$1.00." This distinction is pivotal in that the Supreme Court's decision in *Taylor* arguably supports a conclusion in this case opposite the one asserted by debtor. If the debtor is entitled to exemption by declaration, then the debtor is be bound by his declaration. In this case the debtor declared exempt $1.00 of his interest in each partnership, and that is all that has been exempted. If the debtor wishes to amend his schedules, Bankruptcy Rule 1009 provides for such a procedure.[5]

My conclusion on the issue is supported by a recent Ninth Circuit case decided since

---

**4.** Countless bankruptcy petitions filed in Virginia have claimed homestead exemptions in nominal amounts as was done by debtor here. This practice has usually been followed where a debtor holds an encumbered asset in which there may or may not be any significant equity for the bankruptcy estate. The reason for this is obvious. Since the present Virginia law allows but a maximum of $5,000.00 in total value for homestead exemption ($10,000.00 for husband and wife in a joint case), a debtor will not wish to use more of the exemption than is necessary. By claiming a nominal exemption, the debtor thus preserves the exemption amount until there is a determination of equity. Often, in chapter 7 cases, the case trustee will abandon the property. However, if the trustee determines there is sufficient equity and intends to sell the asset, the debtor may be in a position to amend upwards the homestead exemption and to that extent protect his or her equity in the asset.

Customarily, bankruptcy trustees have not filed objections to a debtor's claim of a nominal value homestead exemption, notwithstanding the equity in the asset might be significant. The issue of the amount of exemption may be resolved if and when the debtor seeks to increase the exemption. The court believes this practice has worked well in Virginia, and bankruptcy trustees have been spared the filing of numerous unnecessary objections to exemptions.

**5.** However, if the debtor amends the schedules to include additional value for his interests in the two partnerships the 30–day window in which a party in interest may object provided for in Rule 4003(b) starts anew. *See* Bankruptcy Rule 4003(b).

the Supreme Court's decision in *Taylor*. *See Hyman v. Plotkin, Trustee (In re Hyman)*, 967 F.2d 1316 (9th Cir.1992). In *Hyman* the debtors owned a home valued at $415,000.00 and which was encumbered by $347,611 in consensual liens. *In re Hyman*, 967 F.2d at 1318. The debtors proceeded to declare their *"homestead"* exempt under Cal.Civ.Proc.Code § 704.720, listing the value of the exemption as *"$45,000.00,"* the amount they were entitled to under the applicable statute. *In re Hyman*, 967 F.2d at 1318. No objection was filed within the 30–day period provided by Bankruptcy Rule 4003(b). *In re Hyman*, 967 F.2d at 1318.

The debtors in *Hyman* argued that since they listed "homestead" as opposed to "homestead exemption" on their schedule of exempt property, they were claiming as exempt property their entire dwelling house, not just the $45,000.00 listed. Speaking for the court, Judge Alex Kozinski found this assertion to be erroneous and stated in relevant part:

> The Hymans' schedule of exempt property listed "homestead" as an exemption under Cal.Civ.Proc.Code § 704.720, and valued the exemption at $45,000. Based on this information, the Hymans did not sufficiently notify others that they were claiming their entire homestead as exempt property; their schedule only gave notice that they claimed $45,000 as exempt, which is the proper amount of their homestead allowance under sections 704.720 and 704.730.... Thus, the trustee had no basis for objecting, and could well have suffered the bankruptcy judge's ire had he objected to the $45,000 exemption to which the Hymans were clearly entitled.

*In re Hyman*, 967 F.2d at 1319.

The court in *Hyman* reached this conclusion even after considering the Supreme Court's decision in *Taylor*. *See In re Hyman*, 967 F.2d at 1319 n. 6. Since the time to object to exemptions is relatively short the court concluded:

> [I]t is important that trustees and creditors be able to determine precisely whether a listed asset is validly exempt simply by reading a debtor's schedules. Given that the debtor controls the schedules, we construe any ambiguity therein against him.

*In re Hyman*, 967 F.2d at 1319 n. 6.

In this case the debtor has attempted to exempt his partnership interests in Piper and Lisa Square pursuant to Virginia's homestead exemption which allows a debtor to exempt real or personal property from creditors up to $5,000.00 in value. *See* Va.Code Ann. § 34–4 (Michie 1990). However, by listing the value of his interests as $1.00 the debtor has at the least created an ambiguity which should be construed against him.

Accordingly, I conclude that $1.00 of the debtor's partnership interests in Piper and Lisa Square have been exempted. So long as the debtor's $1.00 exemption is protected, I find cause to lift the automatic stay for the trustee to sell and the plaintiff to purchase the debtor's partnership interest in Piper and Lisa Square pursuant to the respective partnership agreements.[6]

A separate order will be entered.

**6.** Although the debtor has not raised the issue I have previously ruled that a partnership agreement is an executory contract for personal services not assumable by a debtor. *See Breeden v.*

*Catron (In re Catron)*, Case No. 91–25827–T, Contested Matter No. 92–0560–T (Bankr.E.D.Va. September 7, 1992) (unpublished opinion).