**In re Thomas Rodger SALZER, Debtor.**

**Thomas Rodger SALZER, Plaintiff,**

**v.**

**JOCQUEL SUPPLY, Donald Stinson, et al., Defendants.**

**Bankruptcy No. 93–1046.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Nov. 2, 1993.

**526**

Thomas Rodger Salzer, pro se.

Michael O'Hara, Fort Wayne, IN, for defendants.

R. David Boyer, Trustee, Fort Wayne, IN.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

By its complaint in this proceeding, the plaintiff/debtor, who is proceeding pro se, seeks to recover both compensatory and punitive damages from the defendants Jocquel Supply and Donald Stinson. Although the complaint is in six separate counts, each of which seeks recovery under a slightly different legal theory, in the ultimate analysis plaintiff's claims reduce themselves to the question of whether or not defendants violated the automatic stay. The matter is presently before the court on defendants' motion for summary judgment.

■ Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Bankr.P. 7056(c). Thus, summary judgment is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

■ Initially, Rule 56 requires the moving party to inform the court of the basis of the motion and to identify "those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.), cert. denied, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). In ruling on a summary judgment motion, the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence and credibility of witnesses. Anderson, 477 U.S. at 249, 106 S.Ct. at 2511.

■ Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. Id. at 248, 106 S.Ct. at 2510. Irrelevant or unnecessary facts do not preclude summary judgment, even when they are disputed. Id. The issue of fact must be genuine. Fed.R.Bankr.P. 7056(c) & (e). To establish a genuine issue of fact the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "[T]he nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*'." Id. at 587, 106 S.Ct. at 1356 (emphasis in original).

Most of the facts surrounding the controversy between the parties are undisputed. Instead, it is the legal implications of those facts over which they differ. Debtor originally filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on December 6, 1989. On or about July 28, 1992, debtor, while operating as a debtor-in-possession, entered into an oral month-to-month lease with the defendants, for nonresidential real estate located at 2206 Broadway, for a monthly rental of $500.00 payable in advance. After this date, rent was paid for the months of August, September, and October of 1992. No rent has been paid since that time.

On September 29, 1992, this case was converted from Chapter 11 to Chapter 7 and Mr. R. David Boyer was ultimately appointed as the Chapter 7 trustee. On the date of the conversion, property belonging to the debtor and unidentified third parties was located at the leased premises. Following the conversion, on January 4, 1993, debtor filed a claim of exemptions which included a claimed exemption for debtor's interest in a certain utility trailer. The claimed exemptions were subsequently amended on April 1, 1993. Neither the original nor the amended claim of exemptions was objected to within the time required.

The Chapter 7 trustee did not act to assume or reject the lease between the debtor and the defendants within the sixty days following the order for relief. All of defendants' actions which plaintiff contends violated the automatic stay occurred more than sixty days following the order for relief. On April 1, 1993, at the direction of the Chapter 7 trustee, defendants secured the leased premises and the personal property located there, which included personal property that debtor had included on his claimed exemptions. Prior to April 1, on March 1, 1993, defendants, as indicated by plaintiff's affidavit, took possession of or control over a utility trailer and a quantity of lumber. These items were placed into locked storage buildings under the control of Mr. Stinson.

Debtor contends that the defendants have improperly denied him access to the leased premises and the personal property located there which has been claimed as exempt. As a result, plaintiff contends defendants have violated the automatic stay of § 362(a)(3), which prohibits all entities from taking "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Since the plaintiff contends that he has been injured by defendants' conduct, he seeks actual and punitive damages pursuant to 11 U.S.C. § 362(h).

The nature of defendants' conduct requires the court to analyze it in two distinct ways. Plaintiff is contending that defendants improperly excluded him from the leased premises and that the defendants improperly denied him access to property of the bankruptcy estate which plaintiff had claimed as exempt. Given the nature of defendants' actions, we must separately examine their conduct with regard to the leased premises and the personal property located there which had been claimed as exempt.

■ Insofar as the leased premises is concerned, defendants did nothing to violate the automatic stay. The property in question involved a lease of nonresidential real estate. As a result, pursuant to 11 U.S.C. § 365(d)(4), the trustee was required to assume or reject that lease within sixty days following the September 29, 1992 order for relief. As a matter of law, the failure to do so resulted in the lease being "deemed rejected" and the trustee required to "immediately surrender such nonresidential real property to the lessor." 11 U.S.C. § 365(d)(4). Debtor does not dispute that the trustee did not take any action to assume or reject the lease within the sixty days following the order for relief and that the time to do so was not extended. Consequently, on the 61st day following September 29, 1992, the lease was deemed rejected and possession of the leased premises was required to be surrendered to the lessor.

■ Although debtor recognizes that the lease was rejected and that the trustee no longer had a right to possess the leased premises, the debtor miscomprehends the consequences of a deemed rejection of a lease of nonresidential real estate. The debtor appears to believe that the rejection of the lease, with the concomitant loss of the estate's right to possession, somehow operated to vest him with the right to possession and, thus, required the landlord to seek relief from the automatic stay before debtor's possession could be disturbed. This is not so.

■ Leases of nonresidential real estate under which the debtor is the lessee are a unique species of executory contracts. For most executory contracts rejection represents nothing more than a breach of the agreement. 11 U.S.C. § 365(g). Congress, however, has decided that the rejection of a debtor's lease of nonresidential real estate is something more. Not only is the lease

deemed rejected by the failure to assume it in a timely fashion but possession of the leased premises is to be surrendered *to the lessor.* Consequently, rejection under § 365(d)(4) does not operate in the same way that abandonment does, where the trustee's decision to not administer a particular asset for the benefit of creditors results in the property being returned to the bankruptcy debtor. *See In re Gillis,* 92 B.R. 461, 466 (Bankr.D.Haw.1988) ("[R]ejection of a lease under [§] 365(d)(4) resulted in its termination rather than abandonment."). A deemed rejection, pursuant to § 365(d)(4), specifically requires the trustee to return possession, *not to the debtor,* but to the lessor. Thus, rejection operates to terminate the lease. *In re Southwest Aircraft Servs., Inc.,* 66 B.R. 121, 123 (9th Cir. BAP 1986), *rev'd on other grounds,* 831 F.2d 848 (9th Cir.1987), *cert. denied,* 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988); *In re Chris–Kay Foods East, Inc.,* 118 B.R. 70, 72 (Bankr.E.D.Mich.1990). Following the rejection, neither the estate nor the debtor has any possessory interest in the leased premises.[1]

▇▇▇ Only a very curious reading of the law would attempt to deny a landlord the right to possession specifically granted by § 365(d)(4) based upon the proposition that, before it can exercise that right, the landlord must first seek relief from the automatic stay. Thus, when the lease was deemed rejected, the automatic stay as to the leased premises was terminated as well. *In re U.S. Fax, Inc.,* 114 B.R. 70, 72 (D.E.D.Pa.1990); *In re Damianopoulos,* 93 B.R. 3, 6 (Bankr. N.D.N.Y.1988). *See also In re Urbanco, Inc.,* 122 B.R. 513, 520 (Bankr.W.D.Mich. 1991) (landlord was not required to seek relief from the stay before attempting to enforce its right to possession).

In this instance, the stay was terminated by more than just the deemed rejection which occurred pursuant to § 365(d)(4). Lessors of nonresidential real estate are the subject of a specific exception to the auto-

matic stay. Pursuant to § 362(b)(10) the automatic stay does not apply to:

> any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property. 11 U.S.C. § 362(b)(10)

▇▇▇ The lease in question was an oral month to month lease with rent payable in advance. Although rent was paid for the months of August, September, and October of 1992, no rent has been paid since that time. As a matter of Indiana law, such a tenancy is terminated automatically when the rent is not paid when due. *Matter of DePoy,* 29 B.R. 466, 469 (Bankr.N.D.Ind.1983). Thus, the lease of debtor's business premises terminated, as a matter of law, when the rent for November, 1992 was not paid as due. The lease came to an end of its own accord and so too did the automatic stay, as a result of § 362(d)(10).

▇▇▇ As a result of the deemed rejection of the lease, which occurred pursuant to § 365(d)(4), and as a result of the lease having terminated of its own accord, the leased property was no longer protected by the automatic stay at the time the defendants excluded the debtor from it. Thus, their actions were not prohibited by the automatic stay and the stay was not violated.

▇▇▇ Plaintiff also complains that the defendants violated the automatic stay when, at the trustee's direction, they secured personal property that had been located at the leased premises and denied the debtor access to it. Although the personal property which was the subject of the defendants' actions after April 1 has not been identified with any specificity, the thesis of plaintiff's complaint is that he had claimed it as exempt and, when that claim passed without objection, the property in question ceased to be property of the bankruptcy estate; with the result that

---

1. If a Chapter 7 debtor has any desire to regain a possessory interest in leased nonresidential real estate following rejection pursuant to § 365(d)(4), the appropriate course of action

would be to enter into either a reaffirmation agreement or a new post-petition lease with the lessor.

neither the trustee nor the defendants could exercise any control over it.[2]

Once again, plaintiff's claim is based upon a misperception of the law. In this instance, the plaintiff is basically operating under the proposition that, unless a claimed exemption is objected to, the effect of the exemption is to withdraw *all* of the debtor's interest in the property claimed as exempt from the bankruptcy estate, with the result that the trustee no longer has the right to use, sell or lease it. This is not the law.[3]

The right to use, sell or lease property of the bankruptcy estate, even when the property is subject to an exemption, is given to the trustee. 11 U.S.C. § 363. Indeed, to accept the plaintiff's argument would lead to the result that a $1.00 claim of exemption in an asset worth $100,000.00 would remove the entire asset from the estate, even though the exemption represented only a minuscule portion of the asset's total value. Where such claims have been presented, they are uniformly rejected. *See In re Hyman*, 967 F.2d 1316, 1319 (9th Cir.1992); *Addison v. Reavis*, 158 B.R. 53 (E.D.Va.1993); *In re Grablowsky*, 149 B.R. 402, 404–05 (Bankr.E.D.Va. 1993); *In re Shoemaker*, 155 B.R. 552, 555 (Bankr.N.D.Ala.1992).

Even after a claimed exemption has passed without objection, the trustee still retains the ability to administer the asset for the benefit of creditors. The only consequence of the exemption is that, following the asset's liquidation, the trustee must pay the debtor the value of the claimed exemption from the sale proceeds. *See Hyman*, 967 F.2d at 1321; *Shoemaker*, 155 B.R. at 555. *Cf. Matter of Szekely*, 936 F.2d 897 (7th Cir.1991). If a debtor wants to completely insulate property in which it has claimed an exemption from administration by the bankruptcy trustee, it should file a motion to abandon the asset. *See* 11 U.S.C. § 554(b). Otherwise, the asset will remain property of the estate until it is abandoned, as a matter of law, upon the closing of the estate. *See* 11 U.S.C. § 554(c).

The trustee's statutory duties include the duty to "collect" property of the estate. 11 U.S.C. § 704(1). In the pursuit of this duty and in connection with the right to use, sell or lease that property, the trustee is entitled to possession of property of the estate. 11 U.S.C. § 542(a). The trustee's duty to "collect" property is not limited to that which may be used, sold or leased. It extends to all "property of the estate" and this may include exempt property. *In re Carlsen*, 63 B.R. 706, 710 (Bankr.C.D.Cal. 1986). Indeed, the trustee's statutory right to possession specifically includes property

---

**2.** If the plaintiff's thesis that his exempt property was no longer property of the estate is correct, it is questionable whether or not he has advanced an effective claim against the defendants for their alleged misconduct. The automatic stay only protects property of the debtor from pre-petition claims. *See e.g.* 11 U.S.C. § 362(a)(1), (5), & (7). It is only property of the estate that the stay protects from broader interference. *See* 11 U.S.C. § 362(a)(3) (the automatic stay prohibits any act to exercise control over property of the estate). As a result, unless the defendants' actions were taken in connection with attempting to enforce a pre-petition claim against the plaintiff, as opposed to some other purpose, the stay would not have been violated.

**3.** In making a claim to exemptions on Schedule C, a debtor is required to identify both the "value of the claimed exemption" and the "market value of [the] property" in which the exemption has been claimed. A debtor is not required to claim an exemption for its entire interest in a particular piece of property. Instead, it may claim only

a portion of the property's value as exempt, leaving any remaining value for the trustee to administer on behalf of creditors. While creditors are required to react rather quickly in objecting to a claimed exemption, *see* 11 U.S.C. § 522(a); Fed. R.Bankr.P. 4003(b), neither the Code nor the Bankruptcy Rules contain any requirement or indeed any procedure for objecting to the value of property in which an exemption has been claimed. Thus, the value a debtor places upon a particular asset (which may or may not be correct) is not determinative and a dispute over an asset's valuation is not subject to the time limitations for objecting to a claimed exemption. *In re Hyman*, 123 B.R. 342, 348–49 (9th Cir. BAP 1991), *aff'd*, 967 F.2d 1316 (9th Cir.1992); *Addison*, 158 B.R. 53; *In re Bronner*, 135 B.R. 645, 647 (9th Cir. BAP 1992); *Matter of Isakson*, 106 B.R. 21, 24 (Bankr.D.Conn.1989). Regardless of what debtor's scheduled value for an asset may have been, if the asset has a value in excess of the amount of a claimed exemption the trustee is entitled to administer that excess for the benefit of creditors.

"that the debtor may exempt." 11 U.S.C. § 542(a).

If a trustee is entitled to take possession of property, it may also direct others to take possession of that property on its behalf. Here, the evidence is undisputed that, on April 1, 1993, the trustee directed the defendants to take possession of the personal property of the bankruptcy estate which had been located at the leased premises. The trustee was clearly within his rights to do so and the defendants were clearly entitled to comply. They did not violate the automatic stay by doing so.

The only other aspect of defendants' conduct that remains in question relates to their having secured a utility trailer between March 1, 1993 and April 1, 1993, during the thirty days prior to receipt of the trustee's instructions.[4] There is no dispute that this trailer was property of the estate, in which debtor had claimed an exemption, and was located at the leased premises. On March 1, 1993, however, neither the estate nor the debtor had any possessory interest in the property on which the trailer rested. The trailer was located at a place where it had no right to be and the defendants, as owners of the land, had custody or control of it, albeit unwillingly. Pursuant to 11 U.S.C. § 542(a),

> ... an entity ... in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

The defendants were an "entity ... in possession, custody, or control ... of property," a trailer, that the trustee could "use, sell or lease or that the debtor may exempt." As such, they had the affirmative duty to deliver that property *to the trustee,* not to the debt-

or. Indeed, if they had given it to the debtor they may have become liable to the trustee. *See Matter of Russell,* 34 B.R. 49 (Bankr. M.D.Fla.1983).

The only facts debtor has placed before the court with regard to this trailer is that defendants took possession of it, placed it in storage, and did not deliver it to the debtor when he asked them to do so. Their statutory duty, however, was to deliver it to the trustee. Even when viewed in the light most favorable to the debtor, defendants' actions represent nothing more than steps taken in order to fulfill their statutory obligation under § 542(a).

Debtor bears the burden of proving that defendants violated the automatic stay. *In re Marcus Hook Dev. Park, Inc.,* 143 B.R. 648, 658 (Bankr.W.D.Pa.1992). As a result, in opposing the motion, it was required to affirmatively demonstrate "specific facts showing that there is a *genuine issue for trial.*" *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356 (emphasis in original). A nonmoving party "who bears the burden of proof on an issue ... must allege specific facts which demonstrate that a genuine material issue of triable fact exists." *Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir.1991). Debtor has failed to present any facts which would tend to indicate that defendants did anything other than hold the trailer for delivery to the trustee. They did not need specific instructions from the trustee before doing so, since § 542(a) already imposed that obligation upon them.

There are no genuine issues of material fact and, in as much as defendants did not violate the automatic stay, they are entitled to the entry of judgment in their favor as a matter of law. A judgment of dismissal will be entered.

---

4. Plaintiff originally contended that during the same period of time defendants' conduct as to lumber located at the leased premises was similarly violative of the stay. Plaintiff's brief, however, concedes that the lumber was not property of the estate, *Motion in Opposition of Defendants' Motion for Summary Judgment,* at 8, and on page 9 of the brief he argues only that it was the

exercise of control over the utility trailer that violated the stay. Accordingly, plaintiff has conceded that any actions defendants took with regard to the lumber did not violate the automatic stay. Even if plaintiff had not conceded the issue, the court's decision as to this asset would be identical to its decision concerning the trailer.