19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Joan Marie AMES, Debtor. (Two Cases)
Michael AMES; Mariann Ames; Daniel Ames; Mark Allen Ames;
Annemarie Ames; Joan Marie Ames; Ames Children
Trust, Appellants,
v.
Gary D. COPUS, Trustee; successor trustee is Kenneth W.
Battley, Appellee.
Michael AMES; Mariann Ames; Mark Allen Ames; Annemarie
Ames; Daniel Ames; Joan Marie Ames; Ames
Children Trust, Appellants,
v.
Harley ADAMSON, Trustee; successor trustee is Kenneth
Battley, Appellee.
 Nos. 92-36790, 92-36792.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1994.*
Decided March 8, 1994.
 
 Before: REAVLEY,+ SKOPIL, and LEAVY, Circuit Judges.
 
 
 1
 Memorandum**
 
 
 2
 Joan Marie Ames ("Ames"), along with five of her children ("Children") and the Ames Children Trust ("Trust"), appeal from a decision of the Bankruptcy Appellate Panel ("BAP") unanimously affirming the bankruptcy court's judgment in favor of the trustee in bankruptcy ("TIB"). The bankruptcy court avoided Ames's postpetition transfer of property to the Trust and granted the TIB's request to sell the property. We affirm.
 
 
 3
 Ames owned[1] the so-called F parcel ("F") on the date she filed her petition in bankruptcy, see Alaska Stat. Secs. 34.15.050, 40.17.080(b), and F therefore belonged to the bankruptcy estate. See 11 U.S.C. Sec. 541(a)(1). Ames was also insolvent the moment she filed her petition in bankruptcy. See 11 U.S.C. Sec. 547(f). Because her transfer of F to the Trust reduced the amount of the bankruptcy estate available for the payment of her creditors, see In re Unicom Corp., No. 92-15165, slip op. 38, 45 (9th Cir. Jan. 5, 1994), the TIB was authorized to avoid that transfer. See 11 U.S.C. Secs. 547(b)(3), 549(a)(1).
 
 
 4
 The TIB's avoidance of Ames's postpetition transfer of F will be upheld if the transfer was unauthorized, either by court order or by the Bankruptcy Code. See 11 U.S.C. Sec. 549(a)(1). As the bankruptcy court never authorized Ames to transfer F to the Trust, we turn our attention to the question of whether the transfer is authorized by the Bankruptcy Code. Ames argues, inter alia, that she did nothing wrong because she is entitled to a homestead exemption in F.
 
 
 5
 The Bankruptcy Code provides that a debtor is entitled to a homestead exemption for transferred property that is subsequently recovered by the trustee, but only "if such transfer was not a voluntary transfer of such property by the debtor; and the debtor did not conceal such property[.]" 11 U.S.C. Sec. 522(g)(1)(A). Whatever the merits to Ames's contention that she made no effort to conceal her interest in F, either from the bankruptcy court or from her creditors,[2] her transfer was clearly voluntary. As such, section 522(g) is inapplicable to her situation, and the TIB's recovery of the property for the benefit of the estate was proper.
 
 
 6
 Because we find no merit to any of the remaining arguments raised by Ames and/or the Children, the decision appealed from is
 
 
 7
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 + The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.
 
 
 [1]
 Ames failed to comply with the dictates of Alaska law for the creation of a trust, and her actions manifested an intent to retain all of the rights and benefits of ownership of F. Accordingly, we reject her contention that the Trust actually owned F. Because the evidence fails to support the alternative arguments that the Children somehow acquired F (e.g., by intestate succession, as bona fide purchasers for value, or via their parents' dissolution decree), we also reject the contention that the Children owned F
 
 
 [2]
 All but the last of the schedules filed by Ames made no direct mention of F, whether as property belonging to her or held in trust by her for the benefit of the Children. Even if not deemed to be fraudulent, such concealment is clearly ambiguous with respect to F, and must be construed against Ames. See Hyman v. Plotkin (In re Hyman), 967 F.2d 1316, 1319 n. 6 (9th Cir.1992)