**In re Alberta Louise Schepp STUMPFF, Debtor.**

**Bankruptcy No. 89–70430.**

United States Bankruptcy Court,
E.D. Oklahoma.

Dec. 22, 1989.

John W. Swinford, Jr., Oklahoma City, Okl., for debtor.

Joseph H. Bocock and Victoria Hales, McAfee & Taft, Oklahoma City, Okl., for W.P. Spence, et al.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On December 19, 1989, a hearing was conducted pursuant to an Order entered by this Court on October 27, 1989. 107 B.R. 346. Appearances were entered at said hearing by John Swinford on behalf of the Debtor; Kenneth Mather, Chapter 7 Trustee; Dennis Caruso, the attorney for the Trustee; and Victoria Hales on behalf of the Spence group.

By virtue of a Stipulation and Order executed by the parties and this Court and entered December 19, 1989, the October 27, 1989 Order, which is subject to an appeal brought by the Debtor, is deemed interlocutory and not appropriate for appeal. As a result, this Court will restate its position on the issues which came before the Court for the October 27, 1989 Order in this, a final Order.

After review of the evidence presented at Trial, as well as the findings and conclusions formulated in the October 27, 1989 Order, this Court does hereby enter the following Findings of Fact and Conclusions of Law in this *final Order* in conformity with B.R. 7052, this being a core proceeding:

## STATEMENT OF ISSUES

As outlined in the prior Order of this Court, the following issues were previously set forth by this Court for briefing and resolution:

(1) Is a Widow's Allowance property of the bankruptcy estate?

(2) If a Widow's Allowance is property of the estate, is it exemptible and to what extent?

(3) What is the proper forum within which to seek a binding determination as to the need and reasonableness of this Widow's Allowance for the Debtor's temporary support with consideration being given to the income received by Debtor from the Katschor Trust?

(4) If the above issues are answered in the affirmative and jurisdiction lies with this Court, what is the proper level of the Widow's Allowance to be allowed as exempt in this bankruptcy estate which is reasonably necessary for the support of the Debtor.

## FINDINGS OF FACT

1. On January 20, 1989, a Petition for Probate of Will was filed by Alberta Stumpff, the Debtor herein, in Marshall County, Oklahoma to probate the Will of her husband, Phillip W. Stumpff, who died on December 17, 1988. Said Will provided for a bequeath to his surviving spouse (the Debtor) of their home, household goods, personal property contained in the home for personal use and one automobile. The remainder of the estate was bequeathed to his four surviving children.

2. On February 16, 1989, an Order Granting Widow's Allowance was entered in the probate case ordering the probate estate to pay the Debtor the sum of $7,140 per month, beginning on March 1, 1989 and continuing until further order of the Court. Said Widow's Allowance was created pursuant to the applicable Oklahoma Statutes and entered ex parte without an adjudication as to the reasonableness of the allowance granted to the Debtor.

The District Court in Marshall County, Oklahoma further entered an Order approving the sale of common stock in Brookside Manor, Inc. to the children of Phillip W. Stumpff as "was necessary to pay the allowance made to the surviving spouse, Alberta L. Stumpff." Notice of this sale was given only to heirs, devisees and legatees and by publication as required by law and not to creditors of the estate. The Court also appointed Alberta L. Stumpff, the Debtor herein, as Executrix in the probate action and entered Letters Testamentary accordingly.

3. On April 17, 1989, the Debtor filed a voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Within the Debtor's Schedules, the Debtor listed the Widow's Allowance in the amount of $85,680 as exempt pursuant to Oklahoma Statutes. This amount represented the $7,140 per month for a period of twelve months.

4. On October 16, 1989, the Debtor filed an Amendment to Schedules and Notice Thereof to which the Trustee has filed a Response reasserting his objection to the exemptions claimed therein. This Court shall consider all objections valid and ripe for resolution, despite said Amendment to the Schedules. The Widow's Allowance exemption has not changed in these Amendments.

5. At the hearing on December 19, 1989, the Plaintiff made an offer of proof stating that the Debtor's reasonable maintenance for normal living expenses is $3,040. This was the same amount presented to the Probate Court by the Debtor to obtain the ex parte order allowing the Widow's Allowance for normal living expenses. Neither the Trustee nor counsel for the Spence group offered any evidence in contradiction to this amount.

6. The Debtor further asserts that she is entitled to $4,100 to be included in the Widow's Allowance representing taxes for which the Debtor may be liable. The Trustee asserts that this determination is premature since the time for filing the appropriate tax returns has not occurred.

## CONCLUSIONS OF LAW

A. A Widow's Allowance such as is in dispute in this case, is created pursuant to the Oklahoma Statutes at Okla.Stat.Ann. tit. 58, § 314 (West 1965) which states, in pertinent part:

> ... The court may in its discretion make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstance during the progress of the settlement of the estate, which, in case of an insolvent estate, must not be longer than one year after granting Letters Testamentary, or of administration.

The case law interpreting this provision of the Oklahoma Statutes has set forth that this section is intended to "make a provision for the widow out of the deceased husband's estate until such time as the widow has in due course of law, received possession and use of her share of the estate so she may apply the same to her needs." *Barry v. Phillips*, 329 P.2d 1046 (Okl.1958); *Crane v. Howard*, 206 Okl. 447, 244 P.2d 559 (1952).

B. The first question this Court must address is whether the Widow's Allowance established pursuant to the Oklahoma Statutes is in fact property of this bankruptcy estate. We address this issue despite the fact that the Debtor included the Widow's Allowance in her claim for exemption, thereby implicitly including said allowance as property of the estate.

Generally, property of the estate consists of "... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Certain property under this code section is excluded from the bankruptcy estate. Excluded property never enters the estate, and therefore is never transferred to the Trustee. The exclusions allowed under the U.S. Bankruptcy Code are found at 11 U.S.C. § 541(a)(6), (b)(1) and (2), and (c)(2). Section 541(a)(6) excludes "... earnings from services performed by an individual debtor after the commencement of the case." Since the Widow's Allowance is used for the maintenance of the widow during the pendency of the probate, we cannot find that these funds represent any compensation for services rendered.

The further exclusions included at 11 U.S.C. § 541(b)(1) and (2) and (c)(2) are equally as inapplicable to the facts and circumstances existing in the case at bar.

The Debtor further asserts that the payments post-Petition are excluded from the estate since they are paid after the commencement of the case. However, the right to these payments accrued pre-Petition in March of 1989 when the Probate Court entered its Order allowing the payment of a Widow's Allowance. Thus, we must find that the Debtor at least had an equitable interest if not a legal interest in the receipt of the Widow's Allowance funds at the commencement of the case.

The United States Bankruptcy Code at 11 U.S.C. § 541 in the subsections noted in the paragraphs hereinabove sets forth the sole provisions for an exclusion from the bankruptcy estate. Despite the Debtor's argument that the Widow's Allowance must be "sufficiently rooted" in the Bankruptcy past in order to be included in the estate, we disagree. Thus, we conclude that the Widow's Allowance is in fact property of this bankruptcy estate.

C. Since this Court has determined that the Widow's Allowance is to be included within the estate, the question of whether said allowance may be exempted from the estate arises. The Debtor relies upon the language contained within the Oklahoma Statutes at Okla.Stat.Ann. tit. 31, § 1A(19) (West Supp.1989) which states that "such person's right to receive alimony, *support*, separate maintenance or child support payments to the extent reasonably necessary for the support of such person and any dependents of such person" (emphasis added) is considered exempt. This

section appears to be aimed for the most part toward those rights to payments which are the incidents of a divorce proceeding rather than a probate proceeding. However, since this State lacks any legislative history to aid this Court in a determination of legislative intent, we must literally interpret this section and the word "support" contained therein as being inclusive of payments such as the Widow's Allowance to which the Debtor is entitled in this case. Thus, we conclude that the Debtor does possess the ability to exempt the Widow's Allowance pursuant to this section of the Oklahoma Statutes.

■■■ D. The above section which grants an exemption on payments necessary to support the Debtor clearly restricts said payments to the "extent reasonably necessary for the support" of the Debtor and dependents. In this case, the Debtor is the sole party benefiting from the Widow's Allowance. The question arises in this case as to which Court, the Probate Court which established the Widow's Allowance or this Bankruptcy Court governing property of this estate, has jurisdiction to determine the "reasonableness" of the Widow's Allowance. The Bankruptcy Court has exclusive jurisdiction over matters pertaining to property which may be exempted from the bankruptcy estate. *Goldsmith v. Jackman & Sons, Inc.*, 327 F.2d 184, 185 (10th Cir.1964). The United States Code itself empowers the Bankruptcy Court with the necessary jurisdiction to resolve disputes surrounding exemptions. 28 U.S.C. § 157(b)(2)(B). Further, the legislative history of the Bankruptcy Code provides that "after the property comes into the estate, then the debtor is permitted to exercise his exemptions, and the Court has jurisdiction to determine what property may be exempted and what remains as property of the estate." H.R.Rep. No. 95–595, 95th Cong., 2nd Sess. (1978) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5963.

Since the Debtor submitted herself to the Bankruptcy Court upon the filing of her voluntary Petition and thereunder attempted to assert an exemption of the Widow's Allowance, this Court clearly has jurisdiction over the extent and level of the Widow's Allowance to be claimed. Since the Debtor will receive the Widow's Allowance at the deference of the unsecured creditors of this estate, whom this Court is obligated to protect, it is essential that this Court is enabled to determine that which is reasonable under the Statute for the Debtor to receive.

■ E. We accept the definition proffered by counsel for W.P. Spence, et al. citing the case of *In re Taff,* 10 B.R. 101 (Bankr.D.Conn.1981) for the phrase "reasonably necessary for support." That case interpreted such language used under the Federal Bankruptcy exemption statutes. Such definition includes only "the property required to meet the present and anticipated needs of the individual and his dependents as determined by the Court after consideration of the individual's responsibilities and all the present and anticipated property and income of the individual, including that which is exempt." *In re Taff,* supra at p. 105–106.

Pursuant to the hearing conducted and the evidence presented, we find that the Debtor is entitled to payment of $3,040 per month as being reasonably necessary for the support of the Debtor, representing her living expenses.

We specifically reserve ruling on the issue as to whether the bankruptcy estate must pay any tax liability which may arise from these payments of the Widow's Allowance to the Debtor.

F. Since the prior Order entered October 27, 1989 is deemed interlocutory, the current appeal filed by the Debtor of the ruling in that Order appears to be inappropriate.

IT IS THEREFORE ORDERED that the Objections to Exemption filed by the various parties in this action are hereby **overruled.** The Widow's Allowance is hereby deemed property of this estate to which the Debtor is entitled to an exemption.

IT IS FURTHER ORDERED that the Debtor be paid a Widow's Allowance in the amount of $3,040 per month beginning in March, 1989 and continuing to date, with

appropriate credits being given to payments already made. The Trustee need not notice pursuant to B.R. 2002(a)(3) as for cause shown, we deem that notice is unnecessary.

IT IS FURTHER ORDERED that a ruling be reserved on the issue of tax liability until such time as that issue is ripe for consideration.

The parties shall monitor and present pleadings to this Court as are necessary to determine the amount and extent of the tax liability.