In re Robert A. **MERCER, Jr.,**
**Anne M. Mercer, Debtors.**

**Bankruptcy No. 91–11642.**

United States Bankruptcy Court,
D. Rhode Island.

Sept. 16, 1993.

Robert A. Mercer, Jr., pro se.

Timothy O'Hara, Resmini & O'Hara, Providence, RI, for Anne M. Mercer.

Jason Monzack, Kirshenbaum & Kirshenbaum, Cranston, RI, Chapter 7 Trustee.

*STATEMENT OF REASONS, FINDINGS OF FACT, AND LEGAL AUTHORITY, FILED IN COMPLIANCE WITH ORDER OF REMAND*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on May 20, 1993 on the District Court's Order remanding this proceeding to the Bankruptcy Court "for a statement of reasons, findings of fact, and legal authority for its May 26, 1992 summary granting of Trustee's Motion ... that the debtors' counsel 'immediately turnover to the trustee' a $50,000 'settlement check.' " *In re Mercer,* No. 92–0343 P (D.R.I. Sept. 17, 1992). After hearing, we ordered the parties to submit supplemental memoranda addressing their respective positions as to what portion of the Debtor's $50,000 personal injury settlement is exempt under 11 U.S.C. § 522(d).

*FACTS*

Robert Mercer sustained personal injuries in an automobile accident on January 19, 1990, and as a result he initiated a claim against the alleged tort-feasor. On June 19, 1991, Mercer and his wife Anne filed a joint Chapter 7 petition, and by operation of law the pending negligence claim became an asset of the bankruptcy estate. 11 U.S.C. § 541(a)(1). In their original schedules, the Debtors listed the personal injury claim as an asset with a market value of $15,000. Claiming federal exemptions, the Mercers listed a "Possible Personal Injury Settlement Injury & Wrongfully [sic] Death Recov." as exempt, in the amount of $7,500, pursuant to 11 U.S.C. § 522(d)(11). On August 2, 1991, the Debt-

ors amended their B–3 schedule of assets by increasing the potential value of the settlement to $40,000. The Debtors also amended Schedule B–4, as follows:

| Type of Property Location, Description, | Statute | Exempt Amount |
|---|---|---|
| Any property not yet scheduled | | DEBTOR |
| Possible Personal Injury Settlement Disability | 11 USC 522(d)(10)C | 100% |
| Payment on account of personal bodily injury | 11 USC 522(d)(11)D | 7,500 |
| Payment in compensation for loss of future earnings | 11 USC 522(d)(11)E | 100% |
| Any property selected by debtor | 11 USC 522(d)(5) | 3,750 |
| . . . . | | |
| Possible Consortium Claim | | SPOUSE |
| Payment on acct of personal bodily injury | 11 USC 522(d)(11)D | 7,500 |
| Any property selected by debtor | 11 USC 522(d)(5) | 3,750 |

On January 19, 1993, we approved the Chapter 7 Trustee's Application to Compromise Mr. Mercer's claim for $50,000, and the entire recovery was placed in escrow jointly with the Trustee, Jason Monzack, Esq., and Mercer's personal injury attorney, Timothy O'Hara, Esq. The settlement consisted of a single lump sum payment, with no designation or allocation to specific categories of damages.

The Trustee does not object to the Debtors' claimed exemptions, but has filed a Motion for Turnover and for Determination of the Estate's Interest in Settlement Proceeds of Debtors' Personal Injury Claim.

## DISCUSSION

Mercer argues that he is entitled to the entire settlement, pursuant to *Taylor v. Freeland & Kronz*, —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), on the ground that the Trustee has not made a timely objection to his claim to the entire settlement amount. The Trustee counters that he did not object because the exemptions as claimed are valid, and thus there was no reason to object. The Trustee contends that the dispute centers around what portions of the settlement proceeds are allocable to compensation for disability, personal bodily injury, pain and suffering, actual pecuniary loss, or loss of future earnings.

We will first address an issue raised by the Debtor in his supplemental memorandum, i.e. that he has been prejudiced by the Order entered on May 27, 1993, which states in part:

2. ... [T]he Trustee shall submit a supplementary memorandum to this Court, wherein the Trustee will state his position regarding what portion of the Fifty Thousand and 00/100 ($50,000.00) Dollar settlement should be attributed to a disability benefit, a payment on account of personal bodily injury, a payment on account of pain and suffering, compensation for actual pecuniary loss, or a payment in compensation of loss of future earnings.

3. Within three (3) weeks after Debtors have received that memorandum referred to in paragraph 2 of this Order, the Debtors shall submit their memorandum regarding those same issues.

Mr. Mercer argues that the Order allows "Trustee Monzack the opportunity, via memorandum, to conduct a time barred de facto hearing on objection to exemptions in direct contravention of rule 4003(b) while simultaneously excluding Debtor arguments critical to Debtor's stance that the proceeds are 100% exempt." (Debtor's Supp.Mem. at 5). Although the parties have indeed been requested to focus on how the settlement proceeds should be allocated, we cannot agree that Mercer has been prejudiced by said Order. To the

contrary, Mercer has submitted a twenty-six page supplemental memorandum with exhibits attached, including two Appellant briefs previously submitted to the District Court. This Debtor has been afforded and has helped himself to wide latitude in presenting all of his arguments, and then some.

When it is all said and done, however, Mr. Mercer's position is based solely on the issues discussed in *Taylor*, where the debtor claimed as exempt the proceeds she expected to receive from an employment discrimination lawsuit. There, the property was described as " 'Proceeds from law suit—[Davis] v. TWA' and 'Claim for lost wages' and listed its value as 'unknown.' " —— U.S. at ——, 112 S.Ct. at 1646. The trustee did not object to the claimed exemption, and the Supreme Court held that he was time barred from raising *any* objection after the 30 day deadline set forth in Bankruptcy Rule 4003, regardless of whether or not the debtor had a "colorable statutory basis" for claiming the exemption. *Id.* at ——, 112 S.Ct. at 1648. The Court in *Taylor* allowed the debtor to retain the entire proceeds from the suit, citing 11 U.S.C. § 522(*l*) which states "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." *Id.* We find that *Taylor* is clearly distinguishable from the instant case, and therefore not controlling.

■ When the trustee in *Taylor* reviewed the debtor's exemptions, including the lawsuit with a value listed as "unknown," he was reasonably placed on notice that the debtor may be claiming more than that to which she was entitled. Listing the value as unknown "was tantamount to waiving a red flag in the trustee's face, as if to say, 'it may be worth more than the law allows, but I'm claiming it anyway.' " *In re Shoemaker*, 155 B.R. 552, at 555 (Bankr.N.D.Ala.1992). In this case however-er, there was no "red flag." The Trustee was not on similar notice, because the Debtors were claiming exemptions to which they are fully entitled to under federal law. On Schedule B–4, Mercer listed his potential settlement and under the heading "Exempt Amount," he placed the word "DEBTOR".[1] He then listed various other items which are also exempt under federal law. (See Facts, *supra.*) The exemptions claimed are exactly what 11 U.S.C. § 522(d) allows, and had the Trustee filed an objection it probably would have been without merit, and perhaps even constituted a frivolous pleading subject to Rule 9011 sanctions.

The Debtors argue that by listing "Disability, 11 USC 522(d)(10)C, 100%," their intent was to exempt one-hundred percent of the personal injury settlement, as opposed to one-hundred percent of the payment that pertains to *disability* as allowed by the Code. This argument fails, however, in light of the Debtors' own (inconsistent) breakdown of the settlement into four different categories. (See Facts, *supra.*) Had *disability* been listed as the only claimed exemption, Mercer's position might have been stronger, since the Trustee would then have been on notice that the Debtors could be claiming an exemption in excess of the statutory allowance. However, based on his Schedule B–4, Robert Mercer is claiming as exempt only that which § 522(d) of the Code allows—100% of the payment that pertains to disability, $7,500 on account of personal bodily injury, 100% of the payment that pertains to the loss of future earnings, and $3,750 under the "catch all" exemption. Accordingly, we find that the Trustee was correct and reasonable in not objecting.[2]

It is agreed that the exemptions claimed by Mrs. Mercer are not applicable, because the settlement did not encompass a claim for loss of consortium, and that we are dealing here only with the four categories

---

1. Had he stated the amount as "100%" or "unknown," this *may* have been a *Taylor* case.

2. We note that if the Trustee were required to object to exemptions as the Debtor argues, this would create an unintended administrative nightmare for trustees and courts, since trustees would be required to object in virtually every case, even where the claimed exemption appears valid on its face. We are satisfied that the Code does not require trustee's to operate in that fashion, *Taylor* notwithstanding.

of exemptions claimed by Mr. Mercer, which are treated as follows:

We approve Mercer's claimed exemption of $7,500 attributable to personal bodily injury pursuant to 11 U.S.C. § 522(d)(11)(D) because he has shown, and the Trustee agrees, that the settlement includes at least that amount for personal bodily injury. The same holds true as to $3,750 of the settlement proceeds claimed as exempt under 11 U.S.C. § 522(d)(5).[3]

■ In determining what part of the settlement pertains to disability, we find the legislative history to § 522(d)(10) enlightening, where Congress stated:

> Paragraph (10) exempts certain benefits *that are akin to future earnings of the debtor.* These include social security, unemployment compensation, or public assistance benefits, veterans benefits, disability, illness, or unemployment benefits ....

H.R. 595, 95th Cong. 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318 (emphasis added). It is reasonable therefore, to conclude that a disability payment is exempt under the Code if the payment is in the nature of lost future earnings. Mercer argues that because his treating physician feels that he has a 10% disability involving his back and leg (Letter from Dr. Robert Farrelly, March 31, 1992), the entire settlement was compensation for said "disability." This argument avoids and fails to address what portion of the settlement is attributable to future earnings. In Mercer's statement regarding lost earnings (Lost Earnings Statement June 1, 1993, Trustee's Ex. 4), he states that technically he had no lost earnings because he utilized his sick leave to compensate him for any days missed from work. He further states that in December 1992, he began seeking a "non-job related disability retirement" but abandoned that course because his condition *improved.* Based on the record before us, we find that Mercer has failed to establish that any of the set-

tlement proceeds are attributable to future earnings, which would constitute an allowable exemption under § 522(d)(10). Accordingly, Debtor's claimed exemption under § 522(d)(10) is disallowed.

Mr. Mercer is also claiming 100% of "the payment in compensation for loss of future earnings" as exempt under § 522(d)(11)(E). As we stated above, Mercer has not established that any of the settlement proceeds are attributable to future earnings and therefore this claim of exemption is also disallowed.

■ Based upon the foregoing discussion and analysis, we conclude that the Debtors are entitled to $11,250 of the settlement proceeds as exempt property, and that the remaining $38,750 is property of the estate. The attorney fees of Mr. O'Hara should be apportioned pro rata according to each party's respective distribution, and he is allowed 30 days within which to file an application to be compensated out of the Estate's share.

Finally, we address the Trustee's request to offset the Debtors' share by $3,900, on the ground that the Debtors have listed as an asset a diamond ring which is jointly owned, and upon which they place a value of $4,300 (see Schedule B–2). Mrs. Mercer has claimed a $400 exemption for jewelry (see Schedule B–4), leaving $3,900 worth of the ring as property of the Estate. The Debtors are allowed ten (10) days to decide if they wish to deliver the ring to the Trustee and receive their statutory exemption. If the Debtors choose not to surrender the ring, the Trustee is authorized to offset the amount of their exemption by $3,900, and remit the balance ($7,350) to the Debtors.

Enter Judgment consistent with this opinion.

---

**3.** We disagree with the Trustee's argument that this should be reduced to $3,240 since Mercer applied a portion of this "catch all" exemption to other scheduled exemptions. This is clearly an item about which the Trustee had notice, and which should have been raised by a timely objection, according to *Taylor.*