In the Matter of William Galen SHERBAHN & Diane Elizabeth Sherbahn, Debtors.

Bankruptcy No. 89–11032.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

March 11, 1994.

David Peebles, Fort Wayne, IN, for debtors.

Donald Aikman, Fort Wayne, IN, for trustee.

## *DECISION*

ROBERT E. GRANT, Bankruptcy Judge.

On July 14, 1989, debtors filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Their scheduled assets included "growing crops" which were given a value, as of the date of the petition, of $14,496.00. On Schedule B–4, they claimed an exemption in "41% of growing crops." The "value claimed exempt" was placed at $5,950.00, approximately 41% of the scheduled value of this particular asset. The crops were raised to maturity, harvested, and sold

1. In making this observation, the court is fully aware that the trustee's affidavit contains a number of allegations accusing the debtors of misconduct with regard to the crop proceeds. The

on behalf of the estate for $56,438.56—a price much greater than the value they had in their immature state.

As a result of the claimed exemption, a dispute has arisen between the debtors and the trustee with regard to the distribution of the crop proceeds between the debtors and the estate. Because they claimed an exemption in 41% of the growing crop, debtors contend they are entitled to 41% of the value of the crop when it was eventually sold—$23,139.81. The trustee argues that they are not entitled to any exemption or, in the alternative, that they are only entitled to the value they claimed as exempt—$5,950.00.

The matter is presently before the court on the parties' cross motions for summary judgment. Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The essential facts, as set forth above, are undisputed.[1] Given these undisputed facts, the matter before the court presents a question of law: As between the debtors and the trustee, who is entitled to the post-petition appreciation in the value of property of the estate in which an exemption has been claimed?

Neither party directed the court's attention to any dispositive authority from either the Seventh Circuit or the Northern District of Indiana with regard to the issue before the court. The court notes, however, that both the Ninth Circuit Court of Appeals and the Ninth Circuit's Bankruptcy Appellate Panel have directly confronted the question. See In re Hyman, 967 F.2d 1316 (9th Cir.1992); In re Alsberg, 161 B.R. 680 (9th Cir. BAP 1993). The holdings of these cases can be succinctly summarized as follows:

1) a debtor's right to claim an exemption in particular property is determined as of the date of the petition;

consequences of any such misconduct are more properly the subject of a separate proceeding. As a result, the court considers these facts to be irrelevant and, thus, not material.

2) the value of property in which an exemption has been claimed is determined upon the sale or other disposition of the asset; and,

3) if, due to post-petition appreciation, the property sells for more than the amounts due on account of liens against it and debtor's claimed exemption, the estate, rather than the debtor, is entitled to the benefit of that appreciation.

■ Applying these principles to the case before the court is a simple task. On the date the petition was filed, pursuant to Indiana law, each debtor was entitled to exempt up to $4,000.00 in "other real estate or tangible personal property." I.C. 34–2–28–1(a)(2). Growing crops certainly fall within this category and the claimed exemption of $5,950.00 fits comfortably within the combined statutory limit.

■ The court rejects the trustee's argument that, because the property was fully encumbered on the date of the petition, debtors were not entitled to any exemption whatsoever. The statutory authority upon which the trustee relies, I.C. 34–2–28–1(d), by its plain language applies only as to a claim of exemption against a lienholder on account of the lien in question. *See In re Hatcher,* 131 B.R. 430 (Bankr.S.D.Ind.1990). It has no application as to any other claim. The case law upon which the trustee relies is easily distinguishable because it almost exclusively involves objections to a debtor's attempt to avoid a judicial lien pursuant to 11 U.S.C. § 522(f)(1). Here, the court is confronted with the question of how to allocate the unencumbered portions of an asset, rather than with the issue of whether or not a particular lien against it should be avoided.

■ Nothing in either the Bankruptcy Code or Indiana law requires the debtor to have equity, i.e. value remaining in an asset over and above all liens and encumbrances, in order to *claim* an exemption.[2] Indeed, 11 U.S.C. § 522(g) & (h) clearly indicate that there are circumstances under which a debtor can claim an exemption out of "equity" in

property that has been created through the use of the various avoiding powers in the Bankruptcy Code. The court would also note that, except in a lien avoidance scenario, a debtor would have little interest in claiming an exemption in fully encumbered property, unless there is a substantial likelihood that the exempt property will appreciate in value after the date of the petition, because it is unlikely the debtor would derive any benefit from such a claim.

■ The value of the crop in which debtors claimed an exemption is determined by its sale price after harvest—$56,438.56. *Cf.* 11 U.S.C. § 506(a) (value of a lien upon property determined in light of proposed disposition or use of property and in conjunction with any hearing on such disposition or use). This price is apparently more than sufficient to fully pay the estate's post-petition costs of production, the amounts due the lienholder, debtors' $5,950.00 exemption, and leave money to spare. The fact that the crop appreciated in value after the date of the petition does not operate to increase debtors' exemption beyond that which was originally claimed. *Cf. Dewsnup v. Timm,* 502 U.S. 410, ——, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1993) (increase in value accrues to the benefit of the creditor, not the debtor).

■ The court rejects debtors' argument that they are entitled to 41% of the value of the entire crop because that is the way they described the property in which the exemption was claimed. Since debtors control the information placed on their bankruptcy schedules, any ambiguities must be construed against them. *Hyman,* 967 F.2d at 1319–20 n. 6; *Addison v. Reavis,* 158 B.R. 53, 59–60 (D.E.D.Va.1993). *See also In re Zimmer,* 154 B.R. 705 (Bankr.S.D.Ohio 1993). By focusing on the description of the property in which the exemption was claimed, without any consideration for the value of the claimed exemption, debtors attempt to create an ambiguity with regard to just what it was they claimed as exempt—41% of the crop or $5,950.00. They then proceed to resolve this ambiguity in their

---

**2.** Since exemptions can only be paid out of the unencumbered portions of an asset, whether or not there is equity in the property will have a

decided impact upon whether a debtor will receive anything on account of the claimed exemption.

favor, rather than against them as the law requires.

A claimed exemption must be read in its entirety. This includes not only the description of the property in which the exemption was claimed but also the value the debtor placed upon the claimed exemption. The description of the property serves only to identify the asset in which an exemption has been claimed. The extent of that exemption is determined by the value claimed exempt which the debtor placed in its schedule of exemptions. Thus, the Ninth Circuit did not allow the debtor in *Hyman* to exempt the entire value of its residence, by describing the exempt property as "homestead" when the value placed upon that exemption was only $45,000.00. *Hyman,* 967 F.2d at 1319. Similarly, the debtors in *Addison* were not allowed to enlarge their claimed exemption, beyond the dollar value placed upon it in their schedule of exemptions, based upon the way they had described and valued the asset in their schedules. *Addison,* 158 B.R. at 59–60.

The court concludes that the amount of a claimed exemption is controlled by the value the debtor ascribes to it in the schedule of exemptions, which in this instance was $5,950.00. That value is not enlarged because of the way in which the debtor happens to describe the property in which the exemption has been claimed.

For all of the foregoing reasons, debtors are entitled to an exemption in the proceeds of the 1989 crops in the amount $5,950.00. An appropriate order will be entered.