CYR, Circuit Judge.
 

 Robert A. Mercer, Jr., challenges a district court judgment affirming a bankruptcy court order disallowing most of Mercer’s exemption claim relating to a $50,000 settlement fund in a personal injury action. We affirm.
 

 I
 

 BACKGROUND
 

 After Mercer was injured in an automobile accident in January 1990, he sued for compensatory damages, then filed a chapter 7 petition while the lawsuit was still pending. His amended schedules of assets valued the personal injury claim at $40,000, and Schedule asserted related exemptions in the manner set out in the margin.
 
 [1]
 
 The chapter 7 trustee interposed no Rule 4003(b) objection to the list of property claimed as exempt.
 
 See
 
 Fed.R.Bankr.P. 4003(b) (fixing 30-day limitation period for filing objection);
 
 see also
 
 Bankruptcy Code §
 
 522(l),
 
 11 U.S.C. § 522(l). The personal injury action eventually generated a $50,000 settlement fund, with no specification as to what, if any, portion represented compensation for a “dis
 
 *2
 
 ability,” “personal bodily injury” or “loss of future earnings.”
 
 [2]
 

 Mercer nevertheless contended that the
 
 entire
 
 $50,000 was exempt because he had claimed the entire fund exempt as compensation for a “disability” under Bankruptcy Code § 522(d)(10)(C) or compensation for lost future earnings under Bankruptcy Code § 522(d)(ll)(E).
 
 See supra
 
 note 1. Since no Rule 4003(b) objection was submitted within the 30-day limitation period, Mercer argued that the bankruptcy court lacked jurisdiction to entertain the motion to disallow his exemption claim. He relied on
 
 Taylor v. Freeland & Kronz,
 
 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), which held that a bankruptcy court could not order a chapter 7 debtor’s attorney to turn over proceeds ultimately recovered in a prepetition lawsuit brought by the debtor, where the trustee had decided to file no Rule 4003(b) objection to an exemption claim in the lawsuit proceeds notwithstanding the fact that there was
 
 no colorable legal basis
 
 for claiming an exemption in the
 
 total
 
 amount recovered.
 

 The chapter 7 trustee in the instant case responded that he had filed no Rule 4003(b) objection because Mercer had claimed
 
 allowable
 
 exemptions in the settlement proceeds representing compensation for “disability” or lost future earnings. Consequently, it remained for the bankruptcy court to determine whether the $42,500 in dispute did, in fact, constitute compensation for disability and/or lost future earnings.
 

 The bankruptcy court took the position that a Rule 4003(b) objection is not required unless the exemption claim — as was the case in
 
 Taylor,
 
 503 U.S. at 638-40, 112 S.Ct. at 1646 — raises a “red flag”; that is, unless the exemption claim includes
 
 unambiguous
 
 language indicating that the debtor is asserting an exemption claim which would exceed the maximum statutory allowance.
 
 In re Mercer,
 
 158 B.R. 886, 888 (Bankr.D.R.I.1993). The bankruptcy court hypothesized, for example, that a Rule 4003(b) objection might have been necessary if Mercer had listed the exemption claim simply as “Disability” and the exempt amount as “100%,” instead of breaking down the settlement fund into four alternative components. But since the Mercer exemption claim was framed in four alternative parts, each asserting facially valid statutory exemptions under section 522(d),
 
 see supra
 
 note 1, the bankruptcy court concluded that it raised no “red flag” sufficient to trigger the limitation period in Rule 4003(b).
 

 The bankruptcy court therefore ruled that
 
 Taylor
 
 did not preclude its assertion of jurisdiction to determine whether the settlement fund represented compensation for disability or lost future earnings.
 
 Mercer,
 
 158 B.R. at 888. It then found that the settlement fund included no compensation for disability or lost future earnings.
 
 Id.
 
 at 888-89. Accordingly, the bankruptcy court ordered Mercer to turn over all but $7,350 to the chapter 7 trustee.
 
 [3]
 
 The district court affirmed on intermediate appeal.
 
 Mercer v. Monzack,
 
 170 B.R. 759 (D.R.I.1994).
 

 II
 

 DISCUSSION
 

 Although in complete agreement with the result reached below, we write to illustrate that
 
 Taylor
 
 in no sense suggests that the bankruptcy court is divested of jurisdiction to hear and determine the issue presented on appeal: whether the “property of the estate”
 
 actually in dispute
 
 was listed as exempt on Schedule B^4, thereby triggering the 30-day limitation under Rule 4003(b).
 
 See
 
 Bankruptcy Code §§
 
 522(l),
 
 542(a), 11 U.S.C. §§
 
 522(1),
 
 542(a); Fed.R.Bankr.P. 4003(c). In the end, we reject Mercer’s implicit assumption that
 
 Taylor
 
 licenses debtors unilaterally to transform property of the estate into property of the description appearing on Schedule B-4.
 

 
 *3
 
 We begin with the procedural mechanism in section
 
 522(1):
 

 The debtor
 
 shall file a list of property that the debtor claims as exempt
 
 under subsection (b) of this section.... Unless a party in interest objects,
 
 the property claimed as exempt on such a list is exempt.
 

 Bankruptcy Code §
 
 522(1),
 
 11 U.S.C. §
 
 522(1)
 
 (emphasis added). That is, absent inclusion on “a list of
 
 property that the debtor claims as exempt,”
 
 “property of the estate” is not exempted by operation of law under section
 
 522(1),
 
 regardless whether a Rule 4003(b) objection was filed.
 
 Id.; see, e.g., Seror v. Kahan (In re Kahan),
 
 28 F.3d 79, 81 (9th Cir.1994),
 
 cert. denied,
 
 — U.S. -, 115 S.Ct. 1100, 130 L.Ed.2d 1067 (1995). Indeed, the 30-day limitation on objections under Rule 4003(b) does not begin to run until the debtor lists the “property claimed as exempt.”
 
 See
 
 Fed.R.Bankr.P. 4003(b).
 

 The “property of the estate” plainly listed as exempt in
 
 Taylor,
 
 503 U.S. at 641-46, 112 S.Ct. at
 
 1647-49
 
 — though
 
 not of a kind entitled to exemption
 
 under Bankruptcy Code § 522(d) — nonetheless became exempt by operation of law, as explicitly provided in section 522(Z), in the absence of a timely Rule 4003(b) objection to the unambiguous exemption claim in Schedule B-4. Nothing in
 
 Taylor
 
 intimates that “property of the estate”
 
 not
 
 plainly listed in Schedule B-4 nonetheless
 
 becomes exempt
 
 by operation of law under section
 
 522(1). See, e.g., Addison v. Reavis,
 
 158 B.R. 53, 59-60 (E.D.Va.1993),
 
 aff'd,
 
 32 F.3d 562 (4th Cir.1994);
 
 Seror,
 
 28 F.3d at 82;
 
 In re Sherbahn,
 
 170 B.R. 137, 139-40 (Bankr.N.D.Ind.1994);
 
 Ainslie v. Grablowsky (In re Grablowsky),
 
 149 B.R. 402, 405-06 (Bankr.E.D.Va.1993). Thus, it remained for the bankruptcy court to determine whether the “property of the estate” actually in dispute became exempt by operation of law as Mercer maintained, or remained subject to administration for the benefit of creditors as the chapter 7 trustee contended.
 

 The threshold question is whether the property in dispute is
 
 in fact
 
 the property of the estate listed as exempt. In stark contrast to
 
 Taylor,
 
 the bankruptcy court found — and Mercer does not contest on appeal — that no part of the disputed $42,500 listed on Schedule B-4 is either eompensation for a disability — § 522(d)(10)(C) — or lost future earnings — § 522(d)(ll)(E) — as distinguished from compensation for personal bodily injury (the maximum $7,500 exemption under § 522(d)(ll)(D) as compensation for personal bodily injury is not at issue). Rather, in a giant interpretive leap beyond
 
 Taylor,
 
 Mercer asks us to assume that the amount in dispute
 
 became
 
 exempt by operation of law under section 522(Z) notwithstanding the uncontested finding that it is
 
 not
 
 compensation for a disability or lost future earnings.
 

 True,
 
 Taylor
 
 requires that we interpret and apply section 522(Z) and Bankruptcy Rule 4003(b) according to their literal intendment. But section 522(Z) neither states nor implies that property of the estate
 
 becomes property of the kind
 
 the debtor describes on Schedule B-4. Rather, as the Court recognized in
 
 Taylor,
 
 503 U.S. at 638-40, 112 S.Ct. at 1646, absent a timely Rule 4003(b) objection, property of the estate plainly listed on Schedule B-4
 
 becomes exempt
 
 by operation of law under section 522(Z)
 
 without regard to whether it is property of the kind entitled to exemption
 
 under section 522(d).
 

 Notwithstanding Mercer’s argument that he
 
 intended
 
 to exempt the entire settlement fund, Schedule B-4 plainly listed discrete statutory citations supporting the various exemption claims, thereby
 
 restricting
 
 both the focus of the exemptions claimed and the description of the particular right or interest in property of the estate to which the claims applied. Consequently, pursuant to its exclusive summary jurisdiction,
 
 see, e.g., In re Stumpff,
 
 109 B.R. 1014, 1017 (Bankr.E.D.Okla.1989), it remained for the bankruptcy court to determine whether the disputed right or interest in property of the estate was listed on Schedule B-4.
 

 Neither
 
 Taylor,
 
 the Code, nor the Rules of Bankruptcy Procedure require parties in interest to interpose Rule 4003(b) objections to Schedule B-4 exemption claims in order to preserve their right to invoke the summary jurisdiction of the bankruptcy court to determine whether property of the estate became exempt by operation of law. What parties in interest may not do, however, is let the limitation period for objections under Rule
 
 *4
 
 4003(b) expire, then enlist the jurisdiction of the court in an effort to set aside an exemption allowed by operation of law in property of the estate under section
 
 522(l)
 
 simply because the property listed as exempt would not have been entitled to exemption under section 522(d) but for their failure to object pursuant to Rule 4003(b).
 
 [4]
 

 Ill
 

 CONCLUSION
 

 In sum, we affirm on the ground that the property of the estate at issue on appeal was neither listed as exempt on Schedule B-^t, nor became exempt by operation of law under Bankruptcy Code §
 
 522(1).
 

 The district court judgment is affirmed; costs to appellee.
 

 [1]
 

 . The pertinent entries in Schedule B-4 were as follows:
 

 Type of Property: Location, Description, Use
 

 Possible personal injury Settlement
 

 Disability
 

 Payment on account of personal bodily injury
 

 Payment in compensation for loss of future earnings
 

 Any property selected by debtor
 

 Exempt Statute Amount
 

 DEBTOR
 

 11 USC § 522(d)(10)(C) 100%
 

 11 USC § 522(d)(ll)(D) $7,500
 

 11 USC § 522(d)(ll)(E) 100%
 

 11 USC § 522(d)(5) $3,750
 

 [2]
 

 . Unlike the unlimited exemptions for “disability” and "lost earnings,” the exemption for "personal bodily injury" compensation had been capped at $7,500.
 
 See
 
 Bankruptcy Code § 522(d)(ll)(D), 11 U.S.C. § 522(d)(ll)(D) (subsequently increased to $15,000). The trustee did not contest the $7,500 exemption. Thus, $42,-500 remains in dispute on appeal.
 

 [3]
 

 . The $7,350 figure reflects certain other adjustments to Mercer’s exemption claim not material to the present appeal.
 
 See supra
 
 note 2.
 

 [4]
 

 . The Supreme Court has not excluded the possibility that Bankruptcy Code § 105(a), 11 U.S.C. § 105(a), might enable a bankruptcy court to set aside exemptions not claimed in good faith.
 
 See Taylor,
 
 503 U.S. at 645-46, 112 S.Ct. at 1649.