May 1, 1995 UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 94-1346

ROBERT A. MERCER, JR.,

Debtor, Appellant,

v.

JASON MONZACK, ESQUIRE,

Appellee.



The opinion of this Court issued on April 25, 1995 is
amended as follows:

On page 4, between lines 5-6: begin new with "The bank-
ruptcy court took the position that a Rule ..."

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 94-1346

ROBERT A. MERCER, JR.,

Debtor, Appellant,

v.

JASON MONZACK, ESQUIRE,

Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Raymond J. Pettine, Senior U.S. District Judge]



Before

Cyr, Boudin and Stahl,

Circuit Judges.



Robert A. Mercer, Jr. on brief pro se.
Christopher L. Russo and Kirshenbaum & Kirshenbaum on brief
for appellee.



April 25, 1995
 

CYR, Circuit Judge. Robert A. Mercer, Jr., challenges CYR, Circuit Judge. 

a district court judgment affirming a bankruptcy court order

disallowing most of Mercer's exemption claim relating to a

$50,000 settlement fund in a personal injury action. We affirm.

I I

BACKGROUND BACKGROUND

After Mercer was injured in an automobile accident in

January 1990, he sued for compensatory damages, then filed a

chapter 7 petition while the lawsuit was still pending. His

amended schedules of assets valued the personal injury claim at

$40,000, and Schedule B-4 asserted related exemptions in the

manner set out in the margin.1 The chapter 7 trustee interposed

no Rule 4003(b) objection to the list of property claimed as

exempt. See Fed. R. Bankr. P. 4003(b) (fixing 30-day limitation

period for filing objection); see also Bankruptcy Code 522(l),



1The pertinent entries in Schedule B-4 were as follows:

Type of Property:
Location, Description, Exempt
Use Statute Amount

Possible personal injury DEBTOR
Settlement

Disability 11 USC 522(d)(10)(C) 100%

Payment on account of 11 USC 522(d)(11)(D) $7,500
personal bodily injury

Payment in compensation for 11 USC 522(d)(11)(E) 100%
loss of future earnings

Any property selected by 11 USC 522(d)(5) $3,750
debtor

2

11 U.S.C. 522(l). The personal injury action eventually

generated a $50,000 settlement fund, with no specification as to

what, if any, portion represented compensation for a

"disability," "personal bodily injury" or "loss of future

earnings."2

Mercer nevertheless contended that the entire $50,000

was exempt because he had claimed the entire fund exempt as

compensation for a "disability" under Bankruptcy Code

522(d)(10)(C) or compensation for lost future earnings under

Bankruptcy Code 522(d)(11)(E). See supra note 1. Since no

Rule 4003(b) objection was submitted within the 30-day limitation

period, Mercer argued that the bankruptcy court lacked

jurisdiction to entertain the motion to disallow his exemption

claim. He relied on Taylor v. Freeland & Kronz, 112 S. Ct. 1644

(1992), which held that a bankruptcy court could not order a

chapter 7 debtor's attorney to turn over proceeds ultimately

recovered in a prepetition lawsuit brought by the debtor, where

the trustee had decided to file no Rule 4003(b) objection to an

exemption claim in the lawsuit proceeds notwithstanding the fact

that there was no colorable legal basis for claiming an exemption

in the total amount recovered. 

The chapter 7 trustee in the instant case responded



2Unlike the unlimited exemptions for "disability" and "lost
earnings," the exemption for "personal bodily injury"
compensation had been capped at $7,500. See Bankruptcy Code 
522(d)(11)(D), 11 U.S.C. 522(d)(11)(D) (subsequently increased
to $15,000). The trustee did not contest the $7,500 exemption.
Thus, $42,500 remains in dispute on appeal.

3

that he had filed no Rule 4003(b) objection because Mercer had

claimed allowable exemptions in the settlement proceeds

representing compensation for "disability" or lost future

earnings. Consequently, it remained for the bankruptcy court to

determine whether the $42,500 in dispute did, in fact, constitute

compensation for disability and/or lost future earnings.

The bankruptcy court took the position that a Rule

4003(b) objection is not required unless the exemption claim

as was the case in Taylor, 112 S. Ct. at 1646 raises a "red

flag"; that is, unless the exemption claim includes unambiguous

language indicating that the debtor is asserting an exemption

claim which would exceed the maximum statutory allowance. Mercer

v. Monzack, 158 B.R. 886, 888 (Bankr. D.R.I. 1993). The

bankruptcy court hypothesized, for example, that a Rule 4003(b)

objection might have been necessary if Mercer had listed the

exemption claim simply as "Disability" and the exempt amount as

"100%," instead of breaking down the settlement fund into four

alternative components. But since the Mercer exemption claim was

framed in four alternative parts, each asserting facially valid

statutory exemptions under section 522(d), see supra note 1, the

bankruptcy court concluded that it raised no "red flag"

sufficient to trigger the limitation period in Rule 4003(b).

The bankruptcy court therefore ruled that Taylor did

not preclude its assertion of jurisdiction to determine whether

the settlement fund represented compensation for disability or

lost future earnings. Mercer, 158 B.R. at 888. It then found

4

that the settlement fund included no compensation for disability

or lost future earnings. Id. at 888-89. Accordingly, the

bankruptcy court ordered Mercer to turn over all but $7,350 to

the chapter 7 trustee.3 The district court affirmed on

intermediate appeal. Mercer v. Monzack, 170 B.R. 759 (D.R.I.

1994).

II II

DISCUSSION DISCUSSION

Although in complete agreement with the result reached

below, we write to illustrate that Taylor in no sense suggests

that the bankruptcy court is divested of jurisdiction to hear and

determine the issue presented on appeal: whether the "property

of the estate" actually in dispute was listed as exempt on

Schedule B-4, thereby triggering the 30-day limitation under Rule

4003(b). See Bankruptcy Code 522(l), 542(a), 11 U.S.C.

522(l), 542(a); Fed. R. Bankr. P. 4003(c). In the end, we

reject Mercer's implicit assumption that Taylor licenses debtors

unilaterally to transform property of the estate into property of

the description appearing on Schedule B-4.

We begin with the procedural mechanism in section

522(l): The debtor shall file a list of
property that the debtor claims as
exempt under subsection (b) of this
section. . . . Unless a party in
interest objects, the property
claimed as exempt on such a list is


3The $7,350 figure reflects certain other adjustments to
Mercer's exemption claim not material to the present appeal. See
supra note 2.

5

exempt.

Bankruptcy Code 522(l), 11 U.S.C. 522(l) (emphasis added).

That is, absent inclusion on "a list of property that the debtor

claims as exempt," "property of the estate" is not exempted by

operation of law under section 522(l), regardless whether a Rule

4003(b) objection was filed. Id.; see, e.g., Seror v. Kahan (In

re Kahan), 28 F.3d 79, 81 (9th Cir. 1994), cert. denied, 115 S.

Ct. 1100 (1995). Indeed, the 30-day limitation on objections

under Rule 4003(b) does not begin to run until the debtor lists

the "property claimed as exempt." See Fed. R. Bankr. P. 4003(b).

The "property of the estate" plainly listed as exempt

in Taylor, 112 S. Ct. at 1647-49 though not of a kind entitled

to exemption under Bankruptcy Code 522(d) nonetheless became

exempt by operation of law, as explicitly provided in section

522(l), in the absence of a timely Rule 4003(b) objection to the

unambiguous exemption claim in Schedule B-4. Nothing in Taylor

intimates that "property of the estate" not plainly listed in

Schedule B-4 nonetheless becomes exempt by operation of law under

section 522(l). See, e.g., Addison v. Reavis, 158 B.R. 53, 59-60

(E.D. Va. 1993), aff'd, 32 F.3d 562 (4th Cir. 1994); Seror, 28

F.3d at 82; In re Sherbahn, 170 B.R. 137, 139-40 (Bankr. N.D.

Ind. 1994); Ainslie v. Grablowsky (In re Grablowsky), 149 B.R.

402, 405-06 (Bankr. E.D. Va. 1993). Thus, it remained for the

bankruptcy court to determine whether the "property of the

estate" actually in dispute became exempt by operation of law as

6

Mercer maintained, or remained subject to administration for the

benefit of creditors as the chapter 7 trustee contended.

The threshold question is whether the property in

dispute is in fact the property of the estate listed as exempt.

In stark contrast to Taylor, the bankruptcy court found and

Mercer does not contest on appeal that no part of the disputed

$42,500 listed on Schedule B-4 is either compensation for a

disability 522(d)(10)(C) or lost future earnings

522(d)(11)(E) as distinguished from compensation for

personal bodily injury (the maximum $7,500 exemption under

522(d)(11)(D) as compensation for personal bodily injury is not

at issue). Rather, in a giant interpretive leap beyond Taylor,

Mercer asks us to assume that the amount in dispute became exempt

by operation of law under section 522(l) notwithstanding the

uncontested finding that it is not compensation for a disability

or lost future earnings.

True, Taylor requires that we interpret and apply

section 522(l) and Bankruptcy Rule 4003(b) according to their

literal intendment. But section 522(l) neither states nor

implies that property of the estate becomes property of the kind

the debtor describes on Schedule B-4. Rather, as the Court

recognized in Taylor, 112 S. Ct. at 1646, absent a timely Rule

4003(b) exemption, property of the estate plainly listed on

Schedule B-4 becomes exempt by operation of law under

section 522(l) without regard to whether it is property of the

kind entitled to exemption under section 522(d). 

7

Notwithstanding Mercer's argument that he intended to

exempt the entire settlement fund, Schedule B-4 plainly listed

discrete statutory citations supporting the various exemption

claims, thereby restricting both the focus of the exemptions

claimed and the description of the particular right or interest

in property of the estate to which the claims applied.

Consequently, pursuant to its exclusive summary jurisdiction,

see, e.g., In re Stumpff, 109 B.R. 1014, 1017 (Bankr. E.D. Okla.

1989), it remained for the bankruptcy court to determine whether

the disputed right or interest in property of the estate was

listed on Schedule B-4.

Neither Taylor, the Code, nor the Rules of Bankruptcy

Procedure require parties in interest to interpose Rule 4003(b)

objections to Schedule B-4 exemption claims in order to preserve

their right to invoke the summary jurisdiction of the bankruptcy

court to determine whether property of the estate became exempt

by operation of law. What parties in interest may not do,

however, is let the limitation period for objections under Rule

4003(b) expire, then enlist the jurisdiction of the court in an

effort to set aside an exemption allowed by operation of law in

property of the estate under section 522(l) simply because the

property listed as exempt would not have been entitled to

exemption under section 522(d) but for their failure to object

pursuant to Rule 4003(b).4


4The Supreme Court has not excluded the possibility that
Bankruptcy Code 105(a), 11 U.S.C. 105(a), might enable a
bankruptcy court to set aside exemptions not claimed in good

8

III III

CONCLUSION CONCLUSION

In sum, we affirm on the ground that the property of

the estate at issue on appeal was neither listed as exempt on

Schedule B-4, nor became exempt by operation of law under

Bankruptcy Code 522(l).

The district court judgment is affirmed; costs to The district court judgment is affirmed; costs to

appellee.  appellee.



faith. See Taylor, 112 S. Ct. at 1649.

9