USCA1 Opinion

 

 May 1, 1995 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  __________________ No. 94-1346 ROBERT A. MERCER, JR., Debtor, Appellant, v. JASON MONZACK, ESQUIRE, Appellee.  __________________ The opinion of this Court issued on April 25, 1995 is amended as follows: On page 4, between lines 5-6: begin new with "The bank- ruptcy court took the position that a Rule ..." UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  __________________ No. 94-1346 ROBERT A. MERCER, JR., Debtor, Appellant, v. JASON MONZACK, ESQUIRE, Appellee.  __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________  __________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________  __________________ Robert A. Mercer, Jr. on brief pro se. _____________________ Christopher L. Russo and Kirshenbaum & Kirshenbaum on brief ____________________ _________________________ for appellee.  ___________________ April 25, 1995  ___________________ CYR, Circuit Judge. Robert A. Mercer, Jr., challenges CYR, Circuit Judge.  _____________ a district court judgment affirming a bankruptcy court order disallowing most of Mercer's exemption claim relating to a $50,000 settlement fund in a personal injury action. We affirm. I I BACKGROUND BACKGROUND __________ After Mercer was injured in an automobile accident in January 1990, he sued for compensatory damages, then filed a chapter 7 petition while the lawsuit was still pending. His amended schedules of assets valued the personal injury claim at $40,000, and Schedule B-4 asserted related exemptions in the manner set out in the margin.1 The chapter 7 trustee interposed no Rule 4003(b) objection to the list of property claimed as exempt. See Fed. R. Bankr. P. 4003(b) (fixing 30-day limitation ___ period for filing objection); see also Bankruptcy Code 522(l), ___ ____  ____________________ 1The pertinent entries in Schedule B-4 were as follows: Type of Property: Location, Description, Exempt Use Statute Amount ________________________________________________________________ Possible personal injury DEBTOR Settlement Disability 11 USC 522(d)(10)(C) 100% Payment on account of 11 USC 522(d)(11)(D) $7,500 personal bodily injury Payment in compensation for 11 USC 522(d)(11)(E) 100% loss of future earnings Any property selected by 11 USC 522(d)(5) $3,750 debtor 2 11 U.S.C. 522(l). The personal injury action eventually generated a $50,000 settlement fund, with no specification as to what, if any, portion represented compensation for a "disability," "personal bodily injury" or "loss of future earnings."2 Mercer nevertheless contended that the entire $50,000 ______ was exempt because he had claimed the entire fund exempt as compensation for a "disability" under Bankruptcy Code 522(d)(10)(C) or compensation for lost future earnings under Bankruptcy Code 522(d)(11)(E). See supra note 1. Since no ___ _____ Rule 4003(b) objection was submitted within the 30-day limitation period, Mercer argued that the bankruptcy court lacked jurisdiction to entertain the motion to disallow his exemption claim. He relied on Taylor v. Freeland & Kronz, 112 S. Ct. 1644 ______ ________________ (1992), which held that a bankruptcy court could not order a chapter 7 debtor's attorney to turn over proceeds ultimately recovered in a prepetition lawsuit brought by the debtor, where the trustee had decided to file no Rule 4003(b) objection to an exemption claim in the lawsuit proceeds notwithstanding the fact that there was no colorable legal basis for claiming an exemption __ _________ _____ _____ in the total amount recovered.  _____ The chapter 7 trustee in the instant case responded  ____________________ 2Unlike the unlimited exemptions for "disability" and "lost earnings," the exemption for "personal bodily injury" compensation had been capped at $7,500. See Bankruptcy Code  ___ 522(d)(11)(D), 11 U.S.C. 522(d)(11)(D) (subsequently increased to $15,000). The trustee did not contest the $7,500 exemption. Thus, $42,500 remains in dispute on appeal. 3 that he had filed no Rule 4003(b) objection because Mercer had claimed allowable exemptions in the settlement proceeds _________ representing compensation for "disability" or lost future earnings. Consequently, it remained for the bankruptcy court to determine whether the $42,500 in dispute did, in fact, constitute compensation for disability and/or lost future earnings. The bankruptcy court took the position that a Rule 4003(b) objection is not required unless the exemption claim as was the case in Taylor, 112 S. Ct. at 1646 raises a "red ______ flag"; that is, unless the exemption claim includes unambiguous ___________ language indicating that the debtor is asserting an exemption claim which would exceed the maximum statutory allowance. Mercer ______ v. Monzack, 158 B.R. 886, 888 (Bankr. D.R.I. 1993). The _______ bankruptcy court hypothesized, for example, that a Rule 4003(b) objection might have been necessary if Mercer had listed the exemption claim simply as "Disability" and the exempt amount as "100%," instead of breaking down the settlement fund into four alternative components. But since the Mercer exemption claim was framed in four alternative parts, each asserting facially valid statutory exemptions under section 522(d), see supra note 1, the ___ _____ bankruptcy court concluded that it raised no "red flag" sufficient to trigger the limitation period in Rule 4003(b). The bankruptcy court therefore ruled that Taylor did ______ not preclude its assertion of jurisdiction to determine whether the settlement fund represented compensation for disability or lost future earnings. Mercer, 158 B.R. at 888. It then found ______ 4 that the settlement fund included no compensation for disability or lost future earnings. Id. at 888-89. Accordingly, the ___ bankruptcy court ordered Mercer to turn over all but $7,350 to the chapter 7 trustee.3 The district court affirmed on intermediate appeal. Mercer v. Monzack, 170 B.R. 759 (D.R.I. ______ _______ 1994). II II DISCUSSION DISCUSSION __________ Although in complete agreement with the result reached below, we write to illustrate that Taylor in no sense suggests ______ that the bankruptcy court is divested of jurisdiction to hear and determine the issue presented on appeal: whether the "property of the estate" actually in dispute was listed as exempt on ________ __ _______ Schedule B-4, thereby triggering the 30-day limitation under Rule 4003(b). See Bankruptcy Code 522(l), 542(a), 11 U.S.C. ___ 522(l), 542(a); Fed. R. Bankr. P. 4003(c). In the end, we reject Mercer's implicit assumption that Taylor licenses debtors ______ unilaterally to transform property of the estate into property of the description appearing on Schedule B-4. We begin with the procedural mechanism in section 522(l): The debtor shall file a list of _____ ____ _ ____ __ property that the debtor claims as ________ ____ ___ ______ ______ __ exempt under subsection (b) of this ______ section. . . . Unless a party in interest objects, the property ___ ________ claimed as exempt on such a list is _______ __ ______ __ ____ _ ____ __  ____________________ 3The $7,350 figure reflects certain other adjustments to Mercer's exemption claim not material to the present appeal. See ___ supra note 2. _____ 5 exempt. ______ Bankruptcy Code 522(l), 11 U.S.C. 522(l) (emphasis added). That is, absent inclusion on "a list of property that the debtor ________ ____ ___ ______ claims as exempt," "property of the estate" is not exempted by ______ __ ______ operation of law under section 522(l), regardless whether a Rule 4003(b) objection was filed. Id.; see, e.g., Seror v. Kahan (In ___ ___ ____ _____ _____ __ re Kahan), 28 F.3d 79, 81 (9th Cir. 1994), cert. denied, 115 S. _________ _____ ______ Ct. 1100 (1995). Indeed, the 30-day limitation on objections under Rule 4003(b) does not begin to run until the debtor lists the "property claimed as exempt." See Fed. R. Bankr. P. 4003(b). ___ The "property of the estate" plainly listed as exempt in Taylor, 112 S. Ct. at 1647-49 though not of a kind entitled ______ ______ ___ __ _ ____ ________ to exemption under Bankruptcy Code 522(d) nonetheless became __ _________ exempt by operation of law, as explicitly provided in section 522(l), in the absence of a timely Rule 4003(b) objection to the unambiguous exemption claim in Schedule B-4. Nothing in Taylor ______ intimates that "property of the estate" not plainly listed in ___ Schedule B-4 nonetheless becomes exempt by operation of law under _______ ______ section 522(l). See, e.g., Addison v. Reavis, 158 B.R. 53, 59-60 ___ ____ _______ ______ (E.D. Va. 1993), aff'd, 32 F.3d 562 (4th Cir. 1994); Seror, 28 _____ _____ F.3d at 82; In re Sherbahn, 170 B.R. 137, 139-40 (Bankr. N.D. ______________ Ind. 1994); Ainslie v. Grablowsky (In re Grablowsky), 149 B.R. _______ __________ _________________ 402, 405-06 (Bankr. E.D. Va. 1993). Thus, it remained for the bankruptcy court to determine whether the "property of the estate" actually in dispute became exempt by operation of law as 6 Mercer maintained, or remained subject to administration for the benefit of creditors as the chapter 7 trustee contended. The threshold question is whether the property in dispute is in fact the property of the estate listed as exempt. __ ____ In stark contrast to Taylor, the bankruptcy court found and ______ Mercer does not contest on appeal that no part of the disputed $42,500 listed on Schedule B-4 is either compensation for a disability 522(d)(10)(C) or lost future earnings 522(d)(11)(E) as distinguished from compensation for personal bodily injury (the maximum $7,500 exemption under 522(d)(11)(D) as compensation for personal bodily injury is not at issue). Rather, in a giant interpretive leap beyond Taylor, ______ Mercer asks us to assume that the amount in dispute became exempt by operation of law under section 522(l) notwithstanding the uncontested finding that it is not compensation for a disability ___ or lost future earnings. True, Taylor requires that we interpret and apply ______ section 522(l) and Bankruptcy Rule 4003(b) according to their literal intendment. But section 522(l) neither states nor implies that property of the estate becomes property of the kind _______ ________ __ ___ ____ the debtor describes on Schedule B-4. Rather, as the Court recognized in Taylor, 112 S. Ct. at 1646, absent a timely Rule ______ 4003(b) exemption, property of the estate plainly listed on Schedule B-4 becomes exempt by operation of law under _______ ______ section 522(l) without regard to whether it is property of the _______ ______ __ _______ __ __ ________ __ ___ kind entitled to exemption under section 522(d).  ____ ________ __ _________ 7 Notwithstanding Mercer's argument that he intended to ________ exempt the entire settlement fund, Schedule B-4 plainly listed discrete statutory citations supporting the various exemption claims, thereby restricting both the focus of the exemptions claimed and the description of the particular right or interest in property of the estate to which the claims applied. Consequently, pursuant to its exclusive summary jurisdiction, see, e.g., In re Stumpff, 109 B.R. 1014, 1017 (Bankr. E.D. Okla. ___ ____ __ __ _______ 1989), it remained for the bankruptcy court to determine whether the disputed right or interest in property of the estate was listed on Schedule B-4. Neither Taylor, the Code, nor the Rules of Bankruptcy ______ Procedure require parties in interest to interpose Rule 4003(b) objections to Schedule B-4 exemption claims in order to preserve their right to invoke the summary jurisdiction of the bankruptcy court to determine whether property of the estate became exempt by operation of law. What parties in interest may not do, however, is let the limitation period for objections under Rule 4003(b) expire, then enlist the jurisdiction of the court in an effort to set aside an exemption allowed by operation of law in property of the estate under section 522(l) simply because the property listed as exempt would not have been entitled to exemption under section 522(d) but for their failure to object pursuant to Rule 4003(b).4  ____________________ 4The Supreme Court has not excluded the possibility that Bankruptcy Code 105(a), 11 U.S.C. 105(a), might enable a bankruptcy court to set aside exemptions not claimed in good 8 III III CONCLUSION CONCLUSION __________ In sum, we affirm on the ground that the property of the estate at issue on appeal was neither listed as exempt on Schedule B-4, nor became exempt by operation of law under Bankruptcy Code 522(l). The district court judgment is affirmed; costs to The district court judgment is affirmed; costs to ___________________________________________ _________ appellee.  appellee. ________  ____________________ faith. See Taylor, 112 S. Ct. at 1649. ___ ______ 9